SHIRLEY T. COX PETITIONER v. NORTH CAROLINA REAL ESTATE LICENSING BOARD RESPONDENT

No. 7910SC1165

(Filed 3 June 1980)

Brokers and Factors § 8– real estate broker's license – misconduct in sale – realty owned by corporation – shareholder not exempted from broker licensing statutes

A shareholder is not an owner of realty of the corporation in which the shares are held so as to bring the shareholder within the "owner" exemption provisions of the real estate brokers and salesmen licensing statutes. Therefore, the Real Estate Licensing Board had jurisdiction to revoke petitioner's

real estate broker's license for encouraging and assisting a purchaser to furnish false information to a lending institution in connection with the sale of realty owned by a corporation in which petitioner owned 7.8% of the outstanding stock. G.S. 93A-2(a) and (c).

APPEAL by petitioner from *Canaday, Judge.* Judgment entered 19 November 1979 in the Superior Court, WAKE County. Heard in the Court of Appeals 20 May 1980.

This is an appeal by the petitioner, Shirley T. Cox, from a judgment of the superior court affirming the decision and order of the North Carolina Real Estate Licensing Board which revoked her real estate broker's license.

In its order revoking petitioner's license, which was entered after a hearing at which the Board heard sworn testimony and at which petitioner was present and represented by counsel, the Board made findings of fact which are in substance as follows:

In July 1978 the petitioner, a licensed real estate broker, showed a house and lot in Lee County owned by Van Harris Realty, Inc., to a Mr. and Mrs. Gerald V. Arnette, who submitted an offer through petitioner to purchase the property for $47,100.00. This offer was accepted on behalf of the seller, Van Harris Realty, Inc., by its president, Milton Van Harris. At the time the offer was made, Mr. and Mrs. Arnette made an earnest money deposit of $500.00, which deposit was placed in the escrow account of Van Harris Realty, Inc. Mr. and Mrs. Arnette told petitioner Cox that they only had $500.00 in cash with which to purchase the property. She told them that she could arrange matters so that they would be able to obtain 100% financing. She instructed Mr. Arnette to apply for a mortgage loan at Sanford Savings and Loan Association and to tell the loan officer that the purchase price of the house was $49,600.00, that they had made a deposit with Van Harris Realty, Inc. of $2,500.00, and ask for a loan of $47,100.00. Petitioner Cox gave Mr. Arnette a card which recited that the sales price was $49,600.00, that the loan amount needed was $47,100.00, and that $2,500.00 was "on deposit with Van Harris Realty." Mr. Arnette showed this card to the loan officer and used the information contained thereon in applying for the loan. Mr.

Arnette knew that he was giving false information to the lender and that it was wrong for him to do so, but he did so at the petitioner Cox's direction and on her assurance that the transaction could be arranged so that the Arnettes would not have to furnish any more money. Sanford Savings and Loan Association, intending to make a loan of 95% of the supposed purchase price of $49,600.00, approved a loan for $47,100.00. Petitioner Cox encouraged and assisted Mr. Arnette to provide false information to Sanford Savings and Loan Association so that the Arnettes would be able to obtain a loan with little or no down payment.

At the time of the foregoing transactions, petitioner Cox was vice-president and secretary of Van Harris Realty, Inc. and owned 7.8% of the outstanding stock in that corporation. Milton Van Harris was the president and owned 92.1% of the stock. Other persons owned the remaining .1% of the stock.

On the basis of the foregoing findings of fact, the Board concluded that Shirley T. Cox was guilty of violating G.S. 93A-6(a)(8) and (10) in that she encouraged and assisted Gerald V. Arnette to furnish false information to a lending institution. On these findings and conclusions, the Board ordered her real estate broker's license revoked.

In apt time petitioner Cox filed her petition pursuant to G.S. 150A-43 *et. seq.* for judicial review of the Board's order. After a hearing in the superior court, the court entered judgment ruling that the Board's findings of fact were supported by substantial, material, and competent evidence in view of the entire record, that its conclusions of law were supported by the findings of fact, and that the Board had jurisdiction to take disciplinary action against petitioner in this matter. Accordingly, the court affirmed the Board's order. From this judgment, petitioner appeals.

*Love & Wicker by Jimmy L. Love for petitioner appellant.*

*Attorney General Edmisten by Associate Attorney Harry H. Harkins, Jr. for the North Carolina Real Estate Licensing Board, appellee.*

PARKER, Judge.

On this appeal appellant does not challenge any of the Board's findings of fact, nor does she contend that her conduct as disclosed by those findings of fact would not furnish adequate grounds under G.S. Ch. 93A for revoking her real estate broker's license had such conduct been engaged in by her while negotiating the sale of real property belonging to another. Her sole contention is that the Board lacked jurisdiction to revoke her real estate broker's license in this case because it arose as the result of a sale of property in which she had an ownership interest. We do not agree.

In support of her contention, appellant points to the language in G.S. 93A-2(a) which defines a real estate broker as "any person . . . who for a compensation or valuable consideration . . . sells or offers to sell, . . . or negotiates the purchase or sale or exchange of real estate . . . for others." She emphasizes the words "for others" and contends that her activities which led the Board's action against her in the present case were not "for others" but for herself and the corporation in which she is a stockholder. She further points to the language in G.S. 93A-2(c) which states that the provisions of G.S. Ch. 93A "shall not apply to and shall not include any person, partnership, association or corporation, who, as owner or lessor, shall perform any of the acts aforesaid with reference to property owned or leased by them, where such acts are performed in the regular course of or as an incident to the management of such property and the investment therein . . .," and she contends that this language directly applies to exclude her activities in the present case from coverage by G.S. Ch. 93A.

We find these "owner exemption" clauses in the statute upon which appellant relies inapplicable in the present case. Appellant acted as a real estate broker, not as an owner, in negotiating the sale of the house and lot to Mr. and Mrs. Arnette. She was not the owner of the house and lot in question. It was owned by a corporation in which she owned less than 8% of the stock. It is elementary that "[a] corporation is an entity distinct from the shareholders which own it." *Board of Transportation v. Martin*, 296 N.C. 20, 28, 249 S.E. 2d 390, 396 (1978).

Although the Board found that appellant is vice-president and secretary of the corporation, it did not find that she acted on behalf of the corporation in her capacity as one of its officers in showing the house and lot to Mr. and Mrs. Arnette. On the contrary, it found that she acted as "sales agent," that Mr. and Mrs. Arnette submitted an offer "through" her to purchase the property, and that the offer was accepted by the president of the selling corporation. As already noted, appellant has not challenged any of the Board's findings of fact on this appeal. Such findings of fact are presently conclusive.

Our holding that a shareholder is not an owner of land of the corporation in which the shares are held so as to bring the shareholder within the "owner" exemption provisions of our real estate brokers and salesmen licensing statutes is supported by the decision of the Supreme Court of Virginia in *Grenco Real Estate Inv. v. Nathaniel Greene*, 218 Va. 228, 237 S.E. 2d 107 (1977). Interpreting the "owner" exception in the Virginia real estate brokers licensing statute, Va. Code § 54-734, which in pertinent part is in all material respects identical to the above quoted portion of G.S. 93A-2(c), the Supreme Court of Virginia said:

> Thus, the question presented . . . is whether, within the meaning of Va. Code §54-734, a shareholder is an owner of land of the corporation in which the shares are held.

> The mere statement of this question suggests a negative answer. Nothing in the statutory language employed in §54-734 displays any intent to ascribe to the word "owner" a meaning different from what it enjoys in ordinary legal contemplation. Even if, because of the licensing statute's penal nature, we construe the word "owner" liberally in favor of an exemption, we cannot conclude that a shareholder is an owner of land of the corporation in which the shares are held. Such a construction not only would subvert the shareholder's traditional status vis-a-vis the corporation but also would thwart the salutary purpose of the licensing requirement, *viz.*, "to protect the public from the fraud, misrepresentation and imposition of dishonest and incompetent persons."

218 Va. at 231, 237 S.E. 2d at 109.

We note in passing that the "owner exemption" clauses of G.S. Ch. 93A upon which appellant here attempts to rely have now been effectively eliminated from our statute insofar as licensed real estate brokers and salesmen are concerned. By Sec. 6 of Ch. 616 of the 1979 Session Laws, our General Assembly, effective 21 May 1979, has expressly provided that, notwithstanding anything to the contrary in G.S. Ch. 93A, the Board shall have the power to suspend or revoke the license of a real estate broker or real estate salesman who violates any of the provisions of G.S. Ch. 93A when selling or leasing his own property.

The judgment of the superior court affirming the decision and order of the North Carolina Real Estate Licensing Board revoking appellant's real estate broker's license is

Affirmed.

Judges HEDRICK and VAUGHN concur.