JAMES A. FRIESON v. NORTH CAROLINA REAL ESTATE LICENSING BOARD

No. 8410SC322

(Filed 5 February 1985)

1. **Brokers and Factors § 8— revocation of real estate license—failure to account for home purchaser's funds**

    Evidence was sufficient to support defendant's order revoking petitioner's license as a real estate agent where it tended to show, among other things, that petitioner failed to forward a purchaser's mortgage payments to the mortgagees; foreclosure proceedings were instituted but terminated only after petitioner delivered the payments and paid a penalty; and petitioner failed and refused to account to a purchaser for the funds paid to him on her house purchase.

2. **Brokers and Factors § 8— hearing on revocation of real estate license—no continuance—due process rights not violated**

    In a proceeding to revoke petitioner's license as a real estate agent, there was no showing that defendant's refusal to continue an evidentiary hearing violated petitioner's due process rights, since petitioner received advanced written notice of the hearing; neither petitioner nor his attorney ever contacted or communicated with defendant in any manner about the hearing; and telephone calls made by the secretaries of petitioner and his attorney to defendant's counsel stated no justifiable reason for continuing a long-scheduled administrative hearing.

APPEAL by petitioner from *Farmer, Judge.* Judgment entered 16 November 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 28 November 1984.

The petitioner is a licensed real estate agent, whose place of business is in Charlotte. The North Carolina Real Estate Licensing Board brought this proceeding to revoke his license for violating certain provisions of G.S. 93A-6, the North Carolina Real Estate Licensing Law. The proceeding is based on allegations that in handling the sale of a piece of property in Mecklenburg County to Mrs. Leona Winchester petitioner made her pay more than the contract price, failed to promptly forward mortgage

payments he received from her, refused to account for funds of hers that he handled, failed to maintain a running balance of the funds so held, and commingled her funds and those of others with his own.

Pursuant to the provisions of G.S. 150A-23 petitioner was duly notified of these charges via certified mail. The notice received by petitioner on 21 June 1983 stated that an evidentiary hearing would be held at the Board's office in Raleigh twenty-three days later, on 14 July 1983 at 1:30 p.m. On 12 July 1983 the Board's counsel received a telephone call from petitioner's secretary, who stated that the hearing date was not convenient for petitioner and requested that the hearing be continued until September. She was told by the Board's counsel, however, that he had no authority to continue the hearing, only the Board had that authority, and the request should be made either by petitioner or his attorney. Later that same day the secretary of petitioner's attorney telephoned the Board's counsel, stating that petitioner's attorney would be out of town on 13 July 1983; but she, too, was told that only the Board could continue the hearing and either petitioner or his attorney should be at the hearing on 14 July 1983 and ask the Board for a continuance, if one was desired. On 14 July 1983 when time for the hearing came, neither petitioner nor his attorney was present; and after considering the two telephone messages the Board refused to continue the hearing and proceeded to hear the evidence presented by the complainant.

Following the hearing the Board in effect found that Mrs. Winchester's allegations were true, concluded that petitioner had thereby violated the Real Estate Licensing Law in certain specified respects, and entered an order revoking his license. Upon appeal to the Superior Court, the Board's decision and order of revocation was affirmed and petitioner appealed to this Court.

*George Ligon, Jr. for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for respondent appellee.*

PHILLIPS, Judge.

[1] In appealing from the judgment of the Superior Court, which affirmed the Board's revocation of his license as a real estate

agent, petitioner made but three assignments of error. The first two assignments, though couched in constitutional terms, amount simply to the claim that the Board's findings of fact and conclusions of law do not support the order of revocation. If, of course, the Board's revocation order is not supported by appropriate conclusions of law, or if the conclusions of law are not supported by appropriate findings of fact, the order cannot stand; on the other hand, if the order is supported by proper conclusions of law that in turn are supported by appropriate findings of fact the order must be upheld. The sufficiency of the evidence to support the Board's findings of fact is not before us, since no exceptions were made to the findings. *Cox v. Real Estate Licensing Board*, 47 N.C. App. 135, 266 S.E. 2d 851, *disc. rev. denied*, 301 N.C. 87, 273 S.E. 2d 296 (1980). The Board's revocation order is well supported. It rests on four conclusions of law that petitioner violated the North Carolina Real Estate Licensing Law in as many respects, each of which is a valid basis under the express terms of G.S. 93A-6(a) for revoking an agent's license to sell real estate. One of the Board's conclusions is that petitioner violated G.S. 93A-6(a)(7) "by failing to account to Mrs. Winchester for her payments to him." This statute makes it a license-revocable offense for an agent to fail "within a reasonable time, to account for or to remit any moneys coming into his possession which belong to others." This conclusion is supported by findings of fact that are both appropriate and to the point. One finding is that because petitioner failed to forward Mrs. Winchester's mortgage payments to the mortgagees foreclosure proceedings were begun, which he was able to terminate only after delivering the payments and paying a penalty. Another finding states that petitioner "failed and refused to account to Mrs. Winchester for the funds paid to him on her house purchase." Better support for a valid conclusion of law would be hard to find. Under the circumstances the other three conclusions, each of which is also well supported by the Board's detailed findings of fact, need not be discussed.

[2] Petitioner's remaining assignment of error, likewise superfluously couched in constitutional terms, is that the Board's refusal to continue the evidentiary hearing violated his due process rights. But why petitioner needed a continuance, much less was legally entitled to one, the record does not show. So far as the record reveals neither petitioner nor his attorney ever contacted

or communicated with the Board in any manner about the hearing; and the telephone calls made by their secretaries to the Board's counsel stated no justifiable reason for continuing a long-scheduled administrative or judicial hearing. The record does show, however, that petitioner received advance written notice of the hearing and that neither he nor his counsel appeared. G.S. 150A-25 states that "[i]f a party fails to appear in a contested case after proper service of notice, the agency, if no adjournment is granted, may proceed with the hearing and make its decision in the absence of the party." This provision is permissive, of course, not mandatory, and it authorized the Board to continue the hearing or not as it deemed meet in the sound exercise of its discretion. *Davis v. N.C. Dept. of Transportation*, 39 N.C. App. 190, 250 S.E. 2d 64 (1978), *disc. rev. denied*, 296 N.C. 735, 254 S.E. 2d 177 (1979). No abuse of discretion being apparent from the record, this assignment must be and is overruled. *In re Judicial Review by Republican Candidates*, 45 N.C. App. 556, 264 S.E. 2d 338, *disc. rev. denied*, 299 N.C. 736, 267 S.E. 2d 672 (1980); *Elmore v. Lanier, Commissioner of Insurance*, 270 N.C. 674, 155 S.E. 2d 114 (1967).

The order appealed from is affirmed.

Affirmed.

Judges WHICHARD and JOHNSON concur.