N. C. REAL ESTATE LICENSING BOARD v. EARL F. COE

No. 7324SC335

(Filed 25 July 1973)

**Brokers and Factors § 8— plea of nolo contendere to filing fraudulent income tax return — suspension of real estate license**

A real estate broker's plea of *nolo contendere* to a charge of wilfully filing a fraudulent joint income tax return did not constitute a plea of *nolo contendere* to "any similar offense or offenses involving moral turpitude" within the meaning of G.S. 93A-6, and the N. C. Real Estate Licensing Board erred in suspending the broker's real estate license on the basis of such plea.

APPEAL by defendant from *Ervin, Judge,* 18 December 1972 Session of Superior Court held in WATAUGA County.

On 26 May 1972 the North Carolina Real Estate Licensing Board (Board), through its secretary-treasurer, entered an order summarized in pertinent part as follows:

On 21 April 1972, in the Watauga County Courthouse, the Board conducted a hearing regarding Earl F. Coe (defendant).

The Board found as a fact that defendant holds real estate broker's license No. 334 and that on or about 22 October 1971, in the U. S. District Court for the Western Division (sic) of North Carolina, defendant pled nolo contendere "to the charge of willfully filing fraudulent federal income tax returns." The Board concluded that defendant "is guilty of violating G.S. 93A-6(a) in that he has pled nolo contendere to the violation of a criminal offense involving moral turpitude." Pursuant to said findings and conclusion, the Board ordered that defendant's real estate broker's license No. 334 be suspended for a period of one year, effective 1 June 1972, said suspension to be suspended on condition that defendant violate no provision of Chapter 93A of the General Statutes of North Carolina and that he pay to the Board the cost of the transcript of the proceeding.

Defendant excepted to the order and appealed to superior court. Following a review of the record, including a transcript of the hearing conducted by the Board, the court entered judgment affirming the Board's order. Defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan by Millard R. Rich, Jr., Assistant Attorney General, Attorneys for N. C. Real Estate Licensing Board.*

*W. G. Mitchell for defendant appellant.*

*McElwee & Hall by John E. Hall for defendant appellant.*

BRITT, Judge.

G.S. 93A-6 empowers the Board, following specified procedures, to revoke or suspend the license of a real estate broker found guilty of either of the unlawful offenses or unethical acts set forth in the statute. Among other things, the statute authorizes the revocation or suspension of the license of a broker who "has been convicted or has entered a plea of nolo contendere upon which a finding of guilty and final judgment has been entered in a court of competent jurisdiction in this State or in any other state of the criminal offense of embezzlement, obtaining money under false pretenses, forgery, conspiracy to defraud or any similar offense or offenses involving moral turpitude . . . . "

The Board based its suspension of defendant's license on the conclusion that he pled nolo contendere to the violation of

a criminal offense involving moral turpitude. We disagree with the Board's action and hold that the superior court erred in affirming the order suspending defendant's license.

It is well settled that statutes in derogation of the common law must be strictly construed. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925 (1955) ; *McKinney v. Deneen,* 231 N.C. 540, 58 S.E. 2d 107 (1950). Suffice to say, governmental regulation of real estate brokers was unknown to the common law.

Admittedly, defendant was not convicted of, nor did he plead nolo contendere to, the criminal offense of embezzlement, obtaining money under false pretenses, forgery, or conspiracy to defraud. The question then arises, did he plead nolo contendere to "any similar offense or offenses involving moral turpitude?" The record sets forth a copy of the judgment and commitment of the U. S. District Court which contains the following: "[D]efendant upon his plea of nolo contendere has been convicted of the offense of wilfully and knowingly filing a false and fraudulent joint income tax return as charged in Count 3 of the indictment . . . . " Clearly the offense that defendant pled nolo contendere to and was convicted of was not similar to embezzlement, obtaining money under false pretenses, or forgery, but the Board insists that the offense is similar to conspiracy to defraud. We disagree.

In 2 Strong, N. C. Index 2d, Conspiracy, § 3, pp. 170-171, we find: "A criminal conspiracy is the unlawful concurrence of two or more persons in a scheme or agreement to do an unlawful act, or to do a lawful act in an unlawful way or by unlawful means. The unlawful agreement and not the execution of the agreement is the offense."

Applying the strict construction rule as we are required to do, we do not think filing a false and fraudulent income tax return, either individually or jointly, is an offense similar to conspiracy to defraud in which latter offense the *unlawful agreement* is the gist of the offense.

The judgment appealed from is

Reversed.

Judges HEDRICK and VAUGHN concur.