NORTH CAROLINA REAL ESTATE LICENSING BOARD AND W. L. LEITSCH v. M. D. WOODARD T/A WOODARD REALTY CO.

No. 754SC524

(Filed 5 November 1975)

1. **Brokers and Factors § 8— revocation of real estate broker's license — construction of statute**

    The statute empowering the Real Estate Licensing Board to revoke the license of a real estate broker or salesman, G.S. 93A-6, is penal in nature, is in derogation of the common law, and must be strictly construed.

2. **Brokers and Factors § 8— suspension of real estate broker's license — insufficiency of findings**

    Finding by the Real Estate Licensing Board that "there is substantial evidence" that a real estate agent acted in violation of G.S. 93A-6(a)(8) in certain respects was insufficient to support a suspension of the agent's license since it was necessary for the Board to find that the agent "is deemed guilty of" a violation of the statute before his license could be suspended.

APPEAL by respondent from *James, Judge.* Judgment entered 28 March 1975 in Superior Court, ONSLOW County. Heard in the Court of Appeals 15 October 1975.

W. L. Leitsch filed a complaint with the North Carolina Real Estate Licensing Board alleging misconduct on the part of M. D. Woodard, t/a Woodard Realty Co. Woodard requested

a hearing. The Licensing Board appointed a trial committee. At the hearing on 28 June 1974, Leitsch testified that Woodard advertised a house for sale, that he and Woodard signed a sales contract on 2 January 1971, providing for the delivery of a deed to Leitsch, the assumption of an existing debt, and the execution of a note secured by second mortgage, providing for monthly payments; and that he made the monthly payments until March 1974, when he learned that he did not have a deed and the land was not registered in his name.

Woodard testified that he repeatedly explained to Leitsch that the owners would not execute the deed until balance due on the purchase price above the assumed debt was paid in full. A deed was made to Leitsch on 5 June 1974.

The Board entered an order on 8 August 1974 finding facts substantially as set out above and concluded that "there is substantial evidence that . . . Woodard . . . acted in violation of G.S. 93A-6 (8)" in that he did not adequately inform Leitsch of the transaction and in that he permitted Leitsch to make monthly payments unaware that title had not passed. It was ordered Woodard's license be suspended for 90 days. Woodard appealed to the Superior Court. From the judgment affirming the Board's order, defendant appeals.

*Attorney General Edmisten by Deputy Attorney General Millard R. Rich, Jr., for North Carolina Real Estate Licensing Board, plaintiff appellee.*

*Ellis, Hooper, Warlick, Waters & Morgan by Harold L. Waters for respondent appellant.*

CLARK, Judge.

G.S. 93A-6 grants power to the Real Estate Licensing Board to suspend or revoke a license "where the licensee . . . *is deemed to be guilty of*" (emphasis added) certain acts thereafter enumerated. This provision requires the Board to make a determination of the facts from the evidence before it and then conclude that the licensee is "guilty of" one or more of those acts before it can revoke or suspend a license. The conclusion that "there is substantial evidence" of a violation of the statute is not a determination of guilt. Substantial evidence of a violation falls far short of the required finding that the licensee "is deemed guilty" of such violation. The licensee may offer substantial evidence of innocence. Where the evidence is conflicting the

Board must resolve the conflict by finding facts and then conclude whether these facts constituted a violation of the statute.

[1]    G.S. 93A-6 which empowers the Board to revoke the license of a real estate broker or a salesman is penal in nature, is in derogation of the common law, and must be strictly construed. *In re Dillingham*, 257 N.C. 684, 127 S.E. 2d 584 (1962); *Licensing Board v. Coe*, 19 N.C. App. 84, 198 S.E. 2d 19 (1973).

The courts will not review or reverse the exercise of discretionary power by an administrative agency except upon a showing of capricious, unreasonable, or arbitrary action, or disregard of law. The findings of the agency must be made in accordance with the legal meaning of the terms of the statute. 1 Strong, N. C. Index 2d, Administrative Law, § 5, p. 43 (1967).

[2]    Because of the failure to find as a fact the acts or conduct constituting a violation of G.S. 93A-6(a)(8) and to conclude that the licensee "is deemed to be guilty" of such violation, this proceeding is remanded to the Superior Court for remand to the North Carolina Real Estate Licensing Board for vacation of the license suspension, and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Chief Judge BROCK and Judge HEDRICK concur.