WILLIAM E. PARRISH v. NORTH CAROLINA REAL ESTATE LICENSING
BOARD

No. 7810SC588

(Filed 1 May 1979)

1. **Brokers and Factors § 8— real estate broker—notice of statutory viola-
   tions—insufficiency for suspension of license for violation of another statute**

   Notice to a real estate broker that he was charged with violations of G.S.
   93A-6(a)(1), making substantial and willful misrepresentations, and G.S.
   93A-6(a)(10), improper, fraudulent or dishonest dealing, because of his failure to
   collect a $1,000.00 earnest money deposit as required by a contract of sale was
   insufficient to support the suspension of his real estate broker's license for 90
   days pursuant to G.S. 93A-6(a)(8) for being "unworthy or incompetent to act as
   a real estate broker or salesman in such manner as to safeguard the interests
   of the public."

2. **Brokers and Factors § 8— real estate broker—failure to obtain earnest
   money—insufficiency to support conclusion he was "unworthy or incompetent"**

   The finding that a real estate broker on a single occasion failed to obtain
   an earnest money deposit was insufficient to support the conclusion that he
   was "unworthy or incompetent" in violation of G.S. 93A-6(a)(8), especially
   where the sale of the property was assured from the time the property was of-
   fered for sale, and the seller suffered no loss as a result of the broker's failure
   to obtain the deposit.

APPEAL by plaintiff from *McLelland, Judge.* Order entered 10
March 1978 in Superior Court, WAKE County. Heard in the Court
of Appeals 26 March 1979.

This is a proceeding pursuant to G.S. 93A-6 before the North
Carolina Real Estate Licensing Board (hereinafter referred to as
Board), for the revocation of the real estate broker's license of the
respondent.

The petitioner, Mabel M. Hartman, brought a complaint
before the Board alleging that on 17 December 1976, the respond-
ent made an offer to purchase petitioner's property in Knightdale
for $160,000.00 on behalf of J. C. Wheeler and Douglas Perry.
Petitioner asked the respondent if he was also purchasing the
property and he denied any involvement in the transaction other
than as agent for the purchasers. Respondent received $9,000.00
commission from the sale. Subsequently, the petitioner discovered
that the respondent had purchased the property with Wheeler
and Perry.

On 21 July 1977, the Board notified the respondent that a complaint had been filed and that the investigation tended to show that he had failed to disclose that he was purchasing the property and that he had failed to place $1,000.00 in escrow as required by the contract of sale. The notice stated that the allegations, if true, would warrant the suspension or revocation of his license pursuant to G.S. 93A-6(a)(1), (4) and (10).

At hearing before the Board, the respondent admitted that he had failed to obtain the $1,000.00 earnest money deposit, stating that it was an oversight. An order was entered in November 1977, finding that respondent failed to collect the $1,000.00 earnest money deposit and concluded as a matter of law that Respondent had violated G.S. 93A-6(a)(8) as "[b]eing unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public," and suspended respondent's real estate license for 90 days.

The Board found that there was insufficient evidence of his failure to disclose his status as purchaser to support a finding of a violation of G.S. 93A-6(a)(1), (4) or (10).

Respondent appealed to the Superior Court from the order of the Board pursuant to G.S. 150A, Article 4. On 10 March 1978, the court entered an order which affirmed the decision of the Board.

From this order, respondent appeals.

*Attorney General Edmisten by Assistant Attorney General James E. Scarbrough for the State, appellee.*

*Smith, Debnam, Hibbert and Pahl by W. Thurston Debnam, Jr.; Lake and Nelson by I. Beverly Lake, Jr., for the plaintiff appellant.*

CLARK, Judge.

[1] The respondent first contends that the order of the Board was fatally defective and procedurally unlawful because it found respondent guilty of violating G.S. 93A-6(a)(8) when respondent was not notified that he was charged with violating that section of the statute.

The Board is an administrative agency subject to the requirements of Chapter 150A of the North Carolina General Statutes. G.S. 150A-23(b) provides that in contested cases:

"The parties shall be given a reasonable notice of the hearing, which notice shall include:

.  .  .  .

(2) A reference to the particular sections of the statutes and rules involved; . . ."

The letter of 21 July 1977, which notified respondent of a hearing before the Board, set forth the following facts:

"(3) That sometime in December, 1976 you received a written offer to purchase the property wherein J. C. Wheeler and Douglas Y. Perry, as buyers, offered to pay a purchase price of $160,000 and wherein it was represented that a $1,000 was being tendered with the offer as an earnest money deposit.

(4) That you represented to the owners, Mr. and Mrs. Hartman, that you were neither a partner nor investor in the purchase.

(5) That the transaction was completed and closed on February 15, 1977 and the property was conveyed by the Hartmans.

(6) That you received a $9,000 commission from the Hartmans.

(7) That you never received the $1,000 earnest money deposit as represented in the sales contract; that you were a co-equal partner with J. C. Wheeler and Douglas Y. Perry in the purchase of said property; that you acted for yourself, J. C. Wheeler, and Douglas Y. Perry, as buyers; and that all of this was accomplished without the knowledge or consent of the Hartmans."

The letter indicated that the stated facts, if found to be true would constitute violations of G.S. 93A-6(a)(1), (4) and (10). The letter, however, did not indicate that the respondent was also charged with a violation of G.S. 93A-6(a)(8) for failing to deposit $1,000 in an escrow account.

G.S. 93A-6 which empowers the Board to revoke the license of a real estate broker or salesman is penal in nature. *Licensing Board v. Woodard*, 27 N.C. App. 398, 219 S.E. 2d 271, *cert. denied*, 288 N.C. 731, 220 S.E. 2d 621 (1975). In administrative proceedings, statutory procedures which are mandatory must be strictly followed, especially in proceedings that are penal in nature. 2 Am. Jur. 2d *Administrative Law* § 354 (1962). We must therefore strictly construe the notice requirements in G.S. 150A-23. In addition, in criminal proceedings, an "indictment must charge the offense with sufficient certainty to apprise the defendant of the specific accusation against him so as to enable him to prepare his defense . . . ." 7 Strong's N.C. Index 3d *Indictment and Warrant* § 9.1. The same rationale is applicable in proceedings pursuant to G.S. 150A-23.

Respondent was notified that he was charged with violating G.S. 93A-6(a)(1), (4) and (10), which provide:

"(1) Making any substantial and willful misrepresentations, or

. . . .

(4) Acting for more than one party in a transaction without the knowledge of all parties for whom he acts, or

. . . .

(10) Any other conduct whether of the same or a different character from that hereinbefore specified which constitutes improper, fraudulent or dishonest dealing, . . ."

Section 4 is relevant only to the issue of whether the respondent had failed to inform the vendors of his status as purchaser of the property and provides no notice of charges relating to the respondent's failure to establish an escrow account. Sections (1) and (10) refer specifically to acts that are intentional or willful.

A defense to either of these statutory violations is that the respondent did not act intentionally but acted through oversight. There is no reference in either section to incompetence. Nor is there any statement in the notice which would indicate that the respondent's competency and ability as a real estate broker were in question. Therefore, the notice did not adequately apprise the

respondent of the charges against him so as to enable him to prepare his defense.

The Board contends that G.S. 93A-6(a)(8) is essentially a lesser included offense of the other violations, and, therefore, notice that respondent was charged with violations of G.S. 93A-6 (a)(1) and (10) is sufficient to constitute notice of charges of incompetence. The test is whether the offense charged includes all the essential elements of the offense of which the defendant is convicted. *See* 7 Strong's N.C. Index 3d *Indictment and Warrant* § 18. G.S. 93A-6(a)(8) provides that a real estate broker's license may be revoked or suspended if he is "unworthy or incompetent to act as a real estate broker or salesman in such manner as to safeguard the interests of the public . . . ." This section requires findings on issues that are not included in the other sections. G.S. 93A-6(a)(1) and (10) do not raise any issues of respondent's worthiness or competency to act as a real estate agent or broker, or his ability to safeguard the interests of the public. Therefore, the appellee's contention that G.S. 93A-6(a)(8) is a lesser included offense of G.S. 93A-6(a)(1) and (10) is without merit.

[2]  Further, assuming for the purposes of this discussion that the notice was sufficient, the facts do not support a finding that respondent violated G.S. 93A-6(a)(8) in that he was "unworthy or incompetent." The finding was based solely on respondent's admission that he had failed, through oversight, to obtain a $1,000.00 earnest money deposit. There was no evidence that respondent had failed on any other occasion to obtain such deposit or that he was otherwise incapable of performing the duties of real estate broker. The evidence tends to show that the sale of the property was assured from the time it was offered for sale, and that complainant would suffer no loss as a result of respondent's failure to obtain the deposit. "Incompetency" is defined as, "Lack of ability, legal qualification, or fitness to discharge the required duty." Black's Law Dictionary 906 (4th ed. 1957). "Unworthy" is defined as, "Unbecoming, discreditable, not having suitable qualities or value." *Id.* at 1709. The finding that respondent on a single occasion failed to obtain an earnest money deposit is insufficient to support the conclusion that he was unworthy and incompetent in violation of G.S. 93A-6(a)(8).

The order appealed from is reversed and the cause remanded for vacation of the order of the North Carolina Real Estate Licensing Board.

Reversed and remanded.

Chief Judge MORRIS and Judge ARNOLD concur.