IN THE MATTER OF: THOMAS A. TRULOVE, JR., P.E. No. 3130

No. 8110SC478

(Filed 6 October 1981)

1. **Professions and Occupations § 1 — charges against professional engineer — time for hearing**

The requirement of G.S. 89C-22(b) that charges against a professional engineer shall be heard by the State Board of Registration for Professional Engineers and Land Surveyors within three months after the date on which they were "referred" means that the charges must be heard within three months after they were "preferred" as described in G.S. 89C-22(a).

2. **Professions and Occupations § 1 — charges against professional engineer — mandatory hearing time**

The requirement of G.S. 89C-22(b) that the State Board shall conduct a hearing within three months after charges are preferred against a professional engineer is mandatory, not directory, since the proceeding is penal in nature.

3. **Professions and Occupations § 1 — charges against professional engineer — no waiver of mandatory hearing time**

Respondent engineer did not waive the requirement that a hearing be held within three months after charges are preferred against a professional engineer by failing to raise such issue before the State Board since subject matter jurisdiction cannot be waived and may be presented at any time.

In re Trulove

**4. Professions and Occupations § 1— charges against professional engineer — insufficiency of notice**

Notice to a professional engineer that charges against him involved gross negligence, incompetence or misconduct resulting from his noncompliance with certain statutes and administrative regulations in the preparation and sealing of certain plans was insufficient to support suspension of his license for misconduct in placing his seal on engineering work not prepared under his direction and for gross negligence in sealing the work of another in order to procure planning board approval when he knew that the plans did not conform to the State Building Code. G.S. 105A-23(b).

APPEAL by Respondent, North Carolina State Board of Registration for Professional Engineers and Land Surveyors, from *Preston, Judge.* Judgment entered 23 February 1981, WAKE County Superior Court. Heard in the Court of Appeals 4 September 1981.

On 28 December 1979, William T. Steuer, Sr., filed a complaint against Thomas A. Trulove, Jr. (Trulove), with the North Carolina State Board of Registration for Professional Engineers and Land Surveyors (Board). The complaint alleged that Trulove had violated Chapter 89C of the North Carolina General Statutes by "affixing his seal to plans which were not prepared by him or under his direct supervision."[1] The complaint included no other allegations against Trulove. The Board held a hearing on the complaint over nine months later (on 10 October 1980) and concluded on 15 October 1980 that Trulove was guilty of misconduct in placing his seal on engineering work not prepared under his direction and was guilty of gross negligence in sealing the work of another in order to procure planning board approval when he knew that the plans did not conform to the State Building Code. The Board suspended Trulove's license for one year.

Trulove appealed and petitioned for judicial review. The superior court reversed the Board's Order because the Board did not hear the charge within three months of the time it was referred to the Board and because the Board did not give Trulove proper notice of the charge as required by G.S. 150A-23.

---

1. The Complaint consisted of an affidavit and twenty-one drawings bearing the name "Harrington Homes", which were drawn by C. B. Jones and sealed by Trulove with the statement: "Plans reviewed and approved as designed."

*Bailey, Dixon, Wooten, McDonald & Fountain, by Wright T. Dixon, Jr., for respondent appellant.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James T. Williams, Jr., and Randall A. Underwood, for petitioner appellee.*

BECTON, Judge.

I

We determine first whether the superior court erred in concluding that the Board did not hear the charge within the time frame required by G.S. 89C-22(b). The resolution of this issue turns on our construction of G.S. 89C-22 which provides, in relevant part:

Discpilinary action — charges; procedure.

 (a) Any person may *prefer* charges of fraud, deceit, gross negligence, incompetence, misconduct, or violation of the rules of professional conduct, against any individual registrant or against any corporation holding a certificate of authorization. Such charges shall be in writing and shall be sworn to by the person or persons making them and shall be filed with the secretary of the Board. [Emphasis added.]

 (b) All charges, unless dismissed by the Board as unfounded or trivial, shall be heard by the Board within three months after the date on which they shall have been *referred.* [Emphasis added.]

The trial court determined that since the charge was "referred" to the Board on 28 December 1979 when the Board received the complaint of Steuer and since the charge was not heard until 10 October 1980, the Board had not complied with G.S. 89C-22(b).

The Board contends alternatively (1) that charges are first "preferred" for investigation and then "referred" to the Board after investigation for hearing and that it, consequently, complied with the requirement of G.S. 89C-22(b) that the charges against Trulove be heard within three months after it was "referred"; (2) that if the court finds that the three months period starts to run when the charges are first preferred under G.S. 89C-22(a), then

the time requirement is directory, not mandatory; and (3) that Trulove did not raise the time requirement issue before the Board, and, therefore, he waived that issue.

## A.

[1] Although the Board's administrative rules and regulations set forth in 21 North Carolina Administrative Code 53.1301(b) and (c) suggest a two-step procedure—prefer (investigation), then refer (adjudication)—we note that the Board's administrative rules and regulations became effective after the relevant amendment to G.S. 89C-22. Administrative regulations must be drafted to comply with statutory grants of power and not vice-versa. *In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978), *cert. denied* 442 U.S. 929, 61 L.Ed. 2d 297, 99 S.Ct. 2859 (1979).

A plain reading of G.S. 89C-22 makes it clear that the phrase in subsection (b), "within three months after the date at which they shall have been referred," could only have reference to the point in time when charges are preferred as described in subsection (a). We find nothing in the statute which allows the Board to conduct both investigatory and adjudicatory proceedings while maintaining a separation between the two proceedings. The statute neither mentions nor provides for a two-step procedure whereby "prefer" means the filing of notarized complaints and "refer" means the transmittal of complaints from one arm of the Board (review committee) to the full Board.

We note, and the Board candidly concedes, that G.S. 89C-22 was based upon Section 20 of the Model Law prepared by the National Council of Engineering Examiners which is identical in every respect to G.S. 89C-22, except that the Model Law uses the word "prefer" in both subsections (a) and (b). While we cannot legislate and say that a typographical error was obviously made, we nevertheless, construing the statute as a whole, think the legislature intended that "prefer" and "refer" apply to the same act. As Trulove notes in his brief, the statute protects both the public and registered engineers. It requires the Board to act promptly to dispose of complaints in order to discipline negligent or incompetent engineers before they do additional harm to the public. At the same time, the statute ensures that charges against engineers will be disposed of in a timely manner to prevent unnecessary harm to the business and professional reputation of an

accused engineer. To allow the Board's review committee to consider a charge filed by an individual for one, two or more years and then refer the matter to the Board which could hold the hearing within three months would completely emasculate G.S. 89C-22(b).

## B.

**[2]** G.S. 89C-22(b) states that the Board "shall" conduct a hearing within three months. This requirement is mandatory and must be strictly followed, especially since the proceeding in this case is penal in nature. *Compare Parrish v. Real Estate Licensing Board,* 41 N.C. App. 102, 105, 254 S.E. 2d 268, 270 (1979), in which this Court stated: "[i]n administrative proceedings, statutory procedures which are mandatory must be strictly followed, especially in proceedings that are penal in nature." The word "shall," as used in G.S. 89C-22(b), has generally been held to be mandatory, not directory. For example, in *State v. Johnson,* 298 N.C. 355, 361, 259 S.E. 2d 752, 757 (1979) our Supreme Court said:

> In this jurisdiction, it is a well-established rule of statutory construction that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must adhere to its plain and definite meaning. . . . As used in statutes, the word "shall" is generally imperative or mandatory. Black's Law Dictionary 1541 (4th rev. ed. 1968).

## C.

**[3]** As subject matter jurisdiction cannot be waived and may be presented at any time, we summarily reject the Board's argument that Trulove failed to raise the time-requirement argument before the Board. *In re Peoples; Jackson, Long, Johnson, Evans, Swann v. Bobbitt,* 253 N.C. 670, 117 S.E. 2d 806 (1961); *Hart v. Thomasville Motors, Inc.,* 244 N.C. 84, 92 S.E. 2d 673 (1956). The Board failed to hear the charges against Trulove within three months from the time it was filed with the Board; therefore, the Board acted without subject matter jurisdiction in hearing and ruling on the claim, and the trial court properly vacated the Board's action.

II

**[4]** In its 15 October 1980 Order, the Board concluded that Trulove was guilty of:

> 1. Misconduct in placing his seal on engineering work not prepared under his responsible charge, in violation of Rule 2(C) of the Rules of Professional Conduct promulgated by the Board under the provisions of G.S. 89C-20.

> 2. Gross negligence in sealing the work of another knowing at said time that the plans were not in conformity with the State Building Code in order to procure Planning Board of Topsail Beach approval of inadequate and incomplete plans.

While it is true that the Board's findings of fact are sufficient to support its conclusions of law, the superior court, nonetheless, correctly vacated the Board's order because neither the facts as found nor any sufficient factual allegations were ever provided Trulove *prior* to his hearing. G.S. 150A-23(b) provides that "[t]he parties shall be given a reasonable notice of a hearing, which notice shall include: (1) a statement of the date, hour, place and nature of a hearing; (2) a reference to the particular sections of the statutes and rules involved; and (3) a short and plain statement of the factual allegations.

The Board sent Trulove a notice stating the following:

> WHEREAS, a notarized complaint has been executed and forwarded to the Board of Registration by Mr. William T. Steuer, President, Southeastern Chapter, Professional Engineers of North Carolina, as to a set of plans for the Queens Grant Condominium project for Island Development Corporation, dated on various dates from April 4, 1979 to September 26, 1979, each sheet containing the words "Harrington Homes" in the title block, and bearing your seal and signature. The allegation of the complaint relates to whether you are guilty of gross negligence, incompetence or misconduct in the practice of your profession by violation of the provisions of G.S. 89C-3(10), G.S. 89C-16(c), or the Standards of Professional Conduct promulgated under G.S. 89C-10, and contained in Regulation .0701(c)(3) of Title 21 of the North Carolina Administrative Code, Chapter 56 (21 NCAC 56.0701

---

**In re Trulove**

---

(c)(3) ), concerning the preparation and sealing of the aforementioned "Harrington Homes" plans.

Trulove was notified only that the charges against him involved gross negligence, incompetence or misconduct resulting from his noncompliance with G.S. §§ 89C 3(10)[2] (89C-16(c)[3], and 21 N.C. Admin. Code 56.0701(c)(3)[4]. Thus, the Board gave Trulove absolutely no notice that he was being charged with knowingly sealing nonconforming plans or that he was being charged with sealing the work of others for the purpose of procuring planning board approval of the plans, knowing that the plans were not in compliance with the North Carolina State Building Code. The Board's failure to give Trulove a short and plain statement of the factual allegations in accordance with G.S. 150A-23(b)(3) was a sufficient basis for the superior court to vacate the Board's order. *Cf. Parrish v. Real Estate Licensing Board,* in which this Court vacated an administrative board's decision saying, "the notice did not adequately apprise the respondent of the charges against him so as to enable him to prepare his defense." 41 N.C. App. at 105-106, 254 S.E. 2d at 270.

The judgment appealed from is

Affirmed.

Judge MARTIN (R. M.) and MARTIN (H. C.) concur.

---

2. G.S. 89C-3(10) does no more than define "Responsible Charge" as "direct control and personal supervision, either of engineering work or of land surveying, as the case may be."

3. G.S. 89C-16(c) states in relevant part that "[i]t shall be unlawful for a registrant to affix, or permit his seal and signature or facsimile thereof to be affixed to any drawings, specifications, plans or reports after the expiration of a certificate or for the purpose of aiding or abetting any other person to evade or attempt to evade any provision of this Chapter."

4. 21 N.C. Admin. Code, 56.0701(c)(3) states: "The engineer and land surveyor shall not affix his signature and/or seal to any engineering or land surveying plan or document dealing with subject matter to which he lacks competence by virtue of education or experience, nor to any such plan or document not prepared under his direct supervisory control."