MARTHA E. EDWARDS, BRANTLEY REALTY v. DIANE C. LATHAM AND NORTH CAROLINA REAL ESTATE LICENSING BOARD

No. 8210SC113

(Filed 15 February 1983)

**Brokers and Factors § 8— revocation of real estate license—decision supported by evidence**

The North Carolina Real Estate Licensing Board did not err in finding that petitioner's activities as a real estate agent constituted five separate violations of the Real Estate Licensing Law, and the trial court did not err in affirming the Board's conclusion where petitioner failed to contact the seller of land with regard to a purchaser's offer, where petitioner falsely told the purchaser that the seller had refused her offer, and where, when the purchaser agreed to a compromise offer, petitioner discovered the land contained more acreage than originally thought and falsely told the purchaser that the seller would require an additional $5,000. The trial court could find that two or more sections of the Licensing Act could be violated by one act of petitioner and the Board acted within its power in revoking petitioner's license based upon any one of the violations it found. G.S. 93A-6(a)(1), (4), (8), (10) and (15).

APPEAL by petitioner from *Cornelius, Judge.* Judgment entered 13 November 1981 in WAKE County Superior Court. Heard in the Court of Appeals 17 November 1982.

This is an appeal from a superior court judgment which affirmed the North Carolina Real Estate Licensing Board's decision to revoke Martha Edwards' real estate broker's license.

*Attorney General Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for respondent appellee, Real Estate Licensing Board.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by James H. Kelly, Jr. and Michael L. Robinson, for petitioner appellant.*

BECTON, Judge.

I

Martha Edwards, petitioner, is a licensed real estate broker affiliated with Brantley Realty and Insurance Company in Mocksville, North Carolina. On 9 January 1980, Diane Latham, respondent, filed a complaint against Ms. Edwards with the North Carolina Real Estate Licensing Board (Board). The ensuing investigation revealed alleged misconduct by Ms. Edwards arising out of a land trade agreement between Ms. Edwards and Jerry Eller, a third party vendor.

Mrs. Latham alleged, and the Board found as facts, *inter alia,* (i) that Ms. Edwards, with whom Eller had listed his land for sale, failed to contact "Mr. Eller with regard to Mrs. Latham's $20,000 offer" to purchase Eller's land; (ii) that Ms. Edwards falsely told Mrs. Latham that Eller had refused her offer of $20,000, but would take $22,500 for the land; and (iii) that after Mrs. Latham agreed to pay $22,500 for the land, Ms. Edwards discovered that the tract of land contained 20.07 acres (not sixteen acres) and then falsely told Mrs. Latham that Eller would not sell the tract for $22,500 but would require an additional $5,000 since the tract contained more land than was contemplated. Based on these findings, the Board concluded, and the trial court affirmed the Board's conclusions, that Ms. Edwards' activities violated the Real Estate Licensing Law in the following particulars: (i) making substantial and willful misrepresentations in contravention of N.C. Gen. Stat. § 93A-6(a)(1) (1981) (three counts); (ii) being unworthy or incompetent to act as a real estate broker or salesman in such a manner as to safeguard the interests of the public in contravention of G.S. § 93A-6(a)(8); and (iii) improper, fraudulent or dishonest dealing, in violation of G.S. § 93A-6(a)(10).

## II

Two issues are raised on appeal: whether the trial court erred in affirming the Board's decision of revocation which was based on the five separate violations of the Real Estate Licensing Law when Ms. Edwards allegedly committed less than five acts of misconduct; and whether certain evidence was erroneously excluded. Based on our review of the record and the applicable law, we find no error in the trial.

## III

The Board has the power, pursuant to statute, to suspend or revoke real estate licenses whenever it deems a licensee guilty of any one or more of fifteen (15) enumerated offenses. G.S. § 93A-6(a). Ms. Edwards was found guilty of violating three separate provisions of the real estate licensing law, which the Board termed "improper and dishonest dealing, being unworthy to act as a real estate broker, and making willful and substantial misrepresentations" (three counts). Although Ms. Edwards was found to have made three substantial and willful misrepresentations, she does not, in her brief, contest those findings on appeal, and those findings are conclusive on appeal. *Cox v. Real Estate Licensing Board*, 47 N.C. App. 135, 266 S.E. 2d 851 (1980), *disc. review denied*, 301 N.C. 87, 273 S.E. 2d 296 (1980); *see also*, Rule 28A, North Carolina Rules of Appellate Procedure.

## IV

Ms. Edwards, relying on *Parrish v. Real Estate Licensing Board*, 41 N.C. App. 102, 254 S.E. 2d 268 (1979), essentially argues that if the representations she made to Mrs. Latham about Eller's rejection of the $20,000 offer were false, "which is denied, the misrepresentation constituted only a violation of G.S. 93A-6(a)(1) (substantial and willful misrepresentation), was only one act, and did not constitute violation of G.S. 93A-6(a)(8) (being unworthy to act as a real estate broker in such a manner as to safeguard public interest) or G.S. 93A-6(a)(10) (engaging in improper and dishonest dealing)."

First, Ms. Edwards' reliance on *Parrish* is misplaced. *Parrish* concerns the requirements for, and adequacy of, the notice given to a licensee prior to a disciplinary hearing. The Board's decision was vacated on remand because of failure to serve adequate

notice to the licensee. We opined then, and reiterate here, that given adequate and specific findings and notice, two or more sections can be violated by one act. *Cf., Real Estate Licensing Board v. Gallman,* 52 N.C. App. 118, 277 S.E. 2d 853 (1981) (involving the sufficiency of the findings of fact to support the revocation, on multiple grounds, of a real estate broker's license).

The Board in this case, in its Notice of Hearing, specifically apprised Ms. Edwards that G.S. 93A-6(a)(1), (4), (8), (10) and (15) were the provisions by which her actions were to. be reviewed; the *Parrish* requirements were thereby met. Further, the Board explicitly found and concluded, *inter alia,* that:

> (2) Respondent is deemed guilty of violating G.S. 93A-6(a)(10) by engaging in improper and dishonest dealing, by failing to disclose or present Mrs. Latham's original offer of $20,000 to Mr. Eller and by falsely representing to Mrs. Latham that Mr. Eller later refused to sell her all of the land on the southeast (left) side of Society Church Road at the contemplated price.

> (3) [Ms. Edwards] is deemed guilty of violating G.S. 93A-6(a)(8) as being unworthy to act as a real estate broker in such manner as to safeguard the public interest, in that she failed to disclose or present Mrs. Latham's original offer of $20,000 to Mr. Eller and by falsely representing to Mrs. Latham that Mr. Eller later refused to sell her all of the land on the southeast (left) side of Society Church Road at the contemplated price.

Second, the Board acted within its power, and it properly revoked Ms. Edwards' license based on its finding that each of the false statements to Mrs. Latham was a substantial and willful misrepresentation. That finding alone is sufficient to sustain the revocation. In any event, we hold that findings of willful failure to disclose a suitable offer to a seller, and willful misrepresentations to the purchaser that the seller refused that same offer are sufficient to support the conclusion that multiple violations of the Real Estate Licensing Law had occurred.

## V

Ms. Edwards also argues that the statements she allegedly made to Mrs. Latham that Mr. Eller would not sell the 20.075

acres on the left side of Society Church Road property for $22,500 and would require an additional $5,000 because the acreage was 20.075 as opposed to 16 acres, do not constitute two substantial and willful misrepresentations. In our view, Ms. Edwards' statements constitute two misrepresentations. In any event, as we stated earlier, one misrepresentation provided the Board with a sufficient basis to revoke Ms. Edwards' license.

### VI

We have examined petitioner's remaining argument and find it to be without merit. Accordingly, the judgment of the trial court is

Affirmed.

Judges HEDRICK and WEBB concur.