THE NORTH CAROLINA STATE BAR v. ROLAND C. BRASWELL, AT-
TORNEY AT LAW

No. 8310NCSB235

(Filed 3 April 1984)

1. **Attorneys at Law § 11— attorney disciplinary proceeding—notice of charges**

   The Disciplinary Hearing Commission of the N.C. State Bar did not lack
   jurisdiction over charges against an attorney because the attorney never
   received a letter of notice setting forth the charges before formal action was
   taken against him. Rather, the filing of a formal complaint satisfied the at-
   torney's right to be informed of the charges against him.

2. **Attorneys at Law § 12— attorney discipline—misrepresentations concerning
   unperfected appeal**

   The evidence before the Hearing Committee of the Disciplinary Hearing
   Commission of the N.C. State Bar was sufficient to support a charge that an
   attorney engaged in conduct involving fraud or deceit by falsely representing
   to a criminal defendant that an appeal for which the attorney was court-
   appointed counsel had been perfected where it tended to show that the at-
   torney was appointed to represent the criminal defendant on appeal, that the
   appeal was not perfected, that the criminal defendant never requested the at-
   torney to discontinue pursuit of the appeal, and that when the criminal defend-
   ant asked the attorney about his appeal, the attorney assured the defendant
   that his appeal was being pursued. DR 6-101(A)(3); DR 7-101(A) and DR
   1-102(A)(5) and (6).

3. **Attorneys at Law § 11— attorney disciplinary hearing—questions to witness
   by hearing committee**

   In an attorney disciplinary hearing, it was within the discretion of the
   hearing committee to question a witness to clarify matters material to the
   issues.

APPEAL by defendant from an order of discipline of the hear-
ing committee of the Disciplinary Hearing Commission of the
North Carolina State Bar. Order entered 15 September 1982.
Heard in the Court of Appeals 8 February 1984.

The North Carolina State Bar received a complaint about the
actions of defendant, a Bar member, related to his representation
of William J. Neal, Jr. As a result of this complaint and defend-
ant's response thereto, the Bar filed this disciplinary action
against defendant.

Following a hearing conducted pursuant to N.C. Gen. Stat.
§§ 84-28 to -32 (1981 & 1983 Cum. Supp.), the Hearing Committee

made findings of fact and concluded as a matter of law that defendant had engaged in conduct constituting grounds for discipline. They concluded that he had failed to perfect the appeal of William J. Neal, Jr., in two cases after being appointed by the court to do so, in violation of N.C. Gen. Stat. App. VII, Code of Professional Responsibility of The North Carolina State Bar, DR 6-101(A)(3) (Cum. Supp. 1983) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by representing to Mr. Neal and his parents that the appeal had been perfected. Finally, the Committee concluded that defendant had violated G.S. § 84-28(b)(3) by making a knowing misrepresentation of facts in response to a formal inquiry of the North Carolina State Bar. Upon these conclusions, the Committee entered an order suspending defendant from the practice of law for a period of ninety days. From this order defendant appealed.

*David R. Johnson for The North Carolina State Bar.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant.*

WELLS, Judge.

[1] Defendant raises nine questions on appeal based upon thirty assignments of error. Defendant first contends that the Committee erred by denying his motion to dismiss the second and third claims for relief for want of jurisdiction over those matters. The second claim for relief alleged that defendant engaged in conduct involving fraud or misrepresentation by representing to Neal and his parents that the appeal had been perfected when this was not the case. The third claim for relief alleged that defendant knowingly made false representations to the North Carolina State Bar in his response to their inquiry regarding Neal's complaint. Defendant's contentions that the Committee did not have jurisdiction over these charges are based upon the fact that he never received a letter of notice setting forth those allegations.

The Disciplinary Hearing Commission of the North Carolina State Bar obtains jurisdiction over attorney misconduct charges pursuant to the authority of G.S. §§ 84-28(a) and 84-28.1(b) and N.C. Gen. Stat. at VI, Art. IX (Cum. Supp. 1983). Article IX, Section 12 *supra,* provides that once a grievance has been received, the counsel of the state Bar must make an investigation and submit his finding to the chairman of the Grievance Committee. The

chairman may then elect to follow any of the following three courses of action: (1) he may treat the report as final and advise the counsel to discontinue the investigation; (2) he may have the counsel conduct further investigation; or (3) he may send a letter of notice to the accused. There is no requirement that a letter of notice must be issued before formal action is taken.

Once the Grievance Committee has determined that there is probable cause to believe that a violation of the disciplinary rules has occurred, a formal complaint is filed. The filing of a formal complaint satisfies defendant's right to be informed of and respond to the charges against him. These rights are enumerated in Article IX, Section 14 *supra.*

In support of his contention that he had a right to be informed at an earlier stage of the proceeding, defendant cites *In re Trulove*, 54 N.C. App. 218, 282 S.E. 2d 544 (1981), *disc. rev. denied*, 304 N.C. 727, 288 S.E. 2d 808 (1982). This case is inapposite to this issue. In *Trulove*, the court vacated a decision of the North Carolina Board of Registration for Professional Engineers and Land Surveyors revoking respondent's license. The basis for this decision was the board's failure to give respondent a short and plain statement of the allegations against him. In *Trulove*, because of the insufficiency of the statement of charges, respondent was unable to prepare his defense at his adjudicatory hearing.

In this case, defendant does not contend that he was unable to prepare for his adjudicatory hearing, but rather he argues that he should have had an opportunity for more input during the investigatory phase of the proceeding. We find no authority to support his position and cannot accept it as valid. This assignment of error is overruled.

Next defendant contends the Committee erred by limiting his cross-examination of Neal regarding Neal's prior acts of misconduct. On cross-examination, the Committee allowed defendant to place before it evidence that Neal had been tried and convicted of several criminal offenses, including possession of marijuana and possession with intent to sell and deliver a controlled substance. The defendant then asked Neal whether he "carried on any transactions in drugs for profit" during the period from 1974 to 1980. The Committee in its discretion sustained plaintiff's objection to

this line of questions, but allowed Neal's response to be placed in the record. The responses reveal that had Neal's answers been allowed into evidence, he would have denied involvement in any illegal drug transaction other than those for which he had been tried and convicted. We are therefore unable to find any prejudice to defendant by the exclusion of this evidence. The assignment of error is overruled.

[2]  Next defendant contends that the Committee erred by denying his motion to dismiss paragraph 16(a) of the first claim for relief at the close of the plaintiff's evidence, because the evidence presented was insufficient to support the charge. Paragraph 16(a) of the first claim for relief alleges that after defendant had been appointed to perfect Neal's appeal in Wayne County cases 78CR8995 and 78CR8996, he failed to do so, in violation of DR 6-101(A)(3), 7-101(A) and 1-102(A)(5) and (6). The Bar presented evidence to the Committee which tended to show that defendant was appointed to represent Neal on appeal, that the appeal was not perfected, and that Neal never requested defendant to discontinue the pursuit of his appeal. Defendant seems to argue that there was insufficient evidence to show that he knew of his appointment to represent Neal. The evidence in the record of the superior court's order appointing defendant to represent Neal, coupled with Neal's testimony that he asked defendant about his appeal and testimony that defendant had assured Neal that his appeal was being pursued was clearly sufficient to overcome defendant's motion to dismiss.

Secondly defendant makes reference to the fact that Neal did not complain about defendant's failure to perfect the appeal for two years. We are unsure what relevance this fact has to the issue of whether defendant's motion to dismiss for insufficient evidence should have been granted. However, even if relevant, Neal's failure to complain is explainable, because during much of this time the evidence showed that defendant had been misleading Neal and his parents by telling them that all the work on the appeal had been completed and that they were now awaiting word from Raleigh on the decision.

Finally, defendant argues his motion should have been granted because Neal's affidavit was insufficient to inform him of the charges against him. Again we are at a loss to understand

what relevance this argument has to this issue. We would reiterate, however, that it is not the grievances filed with the Bar, but the Bar's complaint against the attorney which must be sufficiently specific to inform defendant of the charges against him. Defendant does not challenge the sufficiency of these facts. This assignment of error is overruled.

[3]   In his fourth argument, defendant contends the Committee erred during its questioning of him. He contends that the questions assumed facts not in evidence and revealed that the Committee was biased and hostile toward him. In such proceedings, the Committee sits as both judge and jury and it was within their discretion to question the witness to clarify matters material to the issues. *N.C. State Bar v. Talman,* 62 N.C. App. 355, 303 S.E. 2d 175, *disc. rev. denied,* 309 N.C. 192, 305 S.E. 2d 189 (1983). We have carefully reviewed the questions to which defendant objects and while we find them probing and the questioning vigorous, we believe that the Committee's actions were well within the bounds of its discretion. These assignments of error are overruled.

We have carefully examined defendant's remaining assignments of error and arguments and find them redundant to those assignments and arguments we have discussed, raising no additional meritorious questions.

For the reasons stated, the order of the Hearing Committee must be and is

Affirmed.

Judges BRASWELL and PHILLIPS concur.