JORGENSON, Judge,
dissenting.
Because White has been given much more than the process to which he is due (reinstatement and seven months’ back pay), I respectfully dissent.
The essential facts in this ease are not in dispute. At the first hearing, the hearing officer made the following findings of facts:
The Respondent was employed as an instructional employee of the School Board of Dade County at Mays Junior High School on or about October 13, 1982. The Respondent was serving as the Band Director for Mays Junior High at that time.
On October 13, 1982, a group of boys (apparently students) at Mays Junior High School, were engaged in a fight or some such altercation outside the band room where the Respondent engaged in his duties as Band Director_ The Respondent walked over to his car, parked a short distance away, got in the car and drove it back to the band room. The Respondent got out of his car, which he had parked in the immediate vicinity of the group of boys, and once more asked them to leave the area, or, if they were going to leave. They refused to comply with his direction and so the Respondent went to the trunk of his car, opened the trunk and removed a rifle and, with the rifle in his hand, walked over and began talking to the boys once again.
*1143 ... The Respondent held the gun in his hand as he walked over once more to talk to the group of boys. At all times he held the gun pointed in a downward direction and pointed it at no person. It was not established that the gun was loaded.
The hearing officer concluded that the essential charge was the pointing of the firearm at a student and that such fact had not been established. The hearing officer, accordingly, recommended that the notice of charges be dismissed and that White be reinstated with back pay. The school board attorney filed exceptions to the report, suggesting that the hearing officer’s finding that White had possessed a firearm while on school property was a sufficient basis for termination. In an apparent abundance of caution, the board ignored its own counsel’s advice, adopted the hearing officer’s report, and directed its attorney to institute new dismissal proceedings against White charging him with possession of a firearm on school property in violation of Dade County School Board Rule 6Gxl3-4A-1.302.
The board’s mistaken and unnecessary action amounts to a windfall, inuring to White’s benefit, from which he cannot complain. White’s defense at the first hearing was not that he did not have a firearm but that he did not point a firearm at any person. It is undisputed that he possessed a firearm on school property. The board could have terminated White following its review of the hearing officer’s recommended order, see Sudduth v. Board of Fire & Police Commissioners, 48 Ill.App.2d 194, 198 N.E.2d 705 (Ill.App.Ct.1964) (variance between charge and finding did not deny discharged police officer substantial justice where board’s finding was within the general scope of the original charge and akin to a conviction on a lesser included offense)', cf. Parrish v. North Carolina Real Estate Licensing Board, 41 N.C.App. 102, 254 S.E.2d 268 (N.C.Ct.App.1979) (real estate broker’s license improperly suspended where the violations charged did not include all the essential elements of the violation relied upon to support the suspension order), and should have.
The school board, in effect, is offering White a second opportunity to litigate the issue of whether he possessed a firearm on school property.[1] Rigid application of the doctrine of res judicata under these circumstances only serves to defeat the ends of justice. In Universal Construction Co. v. City of Fort Lauderdale, 68 So.2d 366, 369 (Fla.1953), the court stated:
The basic principle upon which the doctrine of res judicata rests is that there should be an end to litigation and that “in the interest of the State every justi-ciable controversy should be settled in one action in order that the courts and the parties will not be pothered for the same cause by interminable litigation.” [Gordon v. Gordon, 59 So.2d 40, 44 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952)]; italics supplied. Nevertheless, when a choice must be made we apprehend that the State, as well as the courts, is more interested in the fair and proper administration of justice than in rigidly applying a fiction of the law designed to terminate litigation.
The public’s interest in protecting children from gun-toting instructional employees ought to prevail over any interest White can claim in asserting the res judica-ta bar. To the limited extent that White can claim harassment, he has been more than adequately compensated by receiving back pay, to which, in my view, he was not entitled.

. Unlike Rubin v. Sanford, 168 So.2d 774 (Fla. 3d DCA 1964), cert, denied, 180 So.2d 331 (Fla.1965), where, at the first of two hearings on the same charges, the board dismissed the charges on the grounds that insufficient evidence was submitted, here there was sufficient evidence presented at the hearing, and, in fact, the hearing officer expressly found, that White possessed a firearm while on school property.