CORNERSTONE CONDOMINIUM ASSN. v. O'BRIEN

[112 N.C. App. 527 (1993)]

CORNERSTONE CONDOMINIUM ASSOCIATION, INC. v. PATRICK O'BRIEN
AND WIFE, PATRICIA O'BRIEN

No. 9219DC1007

(Filed 2 November 1993)

**Housing, and Housing Authorities and Projects § 69 (NCI4th) — condominium association's bylaws — timely recording of amendment mandatory**

The trial court erred in finding that failure to record an amendment to plaintiff condominium association's bylaws at the office of the Register of Deeds within ten days of adoption as required by the bylaws was not fatal to the amendment.

**Am Jur 2d, Condominiums and Cooperative Apartments § 17.**

Judge JOHNSON dissenting.

Appeal by defendants from judgment entered 8 July 1992 by Judge Clarence E. Horton in Cabarrus County District Court. Heard in the Court of Appeals 16 September 1993.

Plaintiff is a duly incorporated association for the Cornerstone Condominiums located in Concord, North Carolina. Defendants are the owners of a unit within the Cornerstone Condominiums and are resident members of the plaintiff organization. This appeal arises out of plaintiff's attempt to force defendants to get rid of their dog.

On 9 September 1991, the plaintiff's Board of Directors voted to amend Article XI of plaintiff's by-laws to read, in pertinent part:

Those who now reside in the condominium and have pets on the premises may continue to keep those pets as long as such residents or members reside in the condominium; however, no additional pets may be brought to or kept on the premises by any resident or member after September 9, 1991.

The association recorded the purported amendment to the by-laws in the Cabarrus County Register of Deeds on 16 October 1991. Sometime thereafter, defendants acquired a dog which they kept on the premises at least until the time defendants assembled the record on appeal. On 11 March 1992, after making several written

CORNERSTONE CONDOMINIUM ASSN. v. O'BRIEN

[112 N.C. App. 527 (1993)]

and verbal demands, plaintiff brought this action to compel the defendants to remove their dog from the premises.

On 8 July 1992, the case was heard in the Cabarrus County District Court. The trial court, sitting without a jury, faced only the issue of whether "the September 9, 1991 amendment to the by-laws of the Cornerstone Condominium Association is valid since the amendment was not recorded at the office of the Register of Deeds within ten (10) days as required by the by-laws." In its judgment the court found that the failure to record the amendment was not fatal to the amendment and ordered that the defendants remove their dog from the premises. From this judgment, defendants appeal.

*Johnson, Roberts & Hastings, by James C. Johnson, Jr., for defendants-appellants.*

*Ferguson & Scarbrough, P.A., by James E. Scarbrough, for plaintiff-appellee.*

McCRODDEN, Judge.

The sole issue we consider is whether the trial court erred in finding that the failure to record the amendment to the association by-laws was not fatal to the amendment. We conclude that the court was in error and reverse its judgment.

The by-laws of the plaintiff association provide, in pertinent part:

10.1 Amendments to these Bylaws may be proposed by the Board of Directors of the Association acting upon a vote of a majority of the Directors.

10.2 In order for such amendment to become effective, it must be approved by an affirmative vote of a majority of the entire membership of the Board of Directors. Thereupon, such amendment or amendments to these Bylaws shall be transcribed, certified by the Secretary of the Association, and a copy thereof *shall be recorded in the Cabarrus County, North Carolina, Public Registry, within ten (10) days from the date on which any amendment has been approved by the Directors and members.* No amendment shall become effective until it is *duly* recorded.

10.3 Upon the approval and *proper* recording of any amendment, it shall become binding upon all Unit Owners.

(Emphasis added).

Initially, we note that, although the last sentence of Section 10.2 mentions approval of amendment by the Directors *and* the members, the portion of the by-laws included in the record on appeal contains no provision for ratification of any by-law amendments by any unit owners other than the Board of Directors. Thus, it appears that the Cornerstone Board of Directors alone is vested with the power to amend the by-laws.

That being so, we believe that the Board is bound by the procedures established for the exercise of the power to amend the by-laws affecting all members of the association. The language of Section 10.2 ("such amendment . . . *shall* be recorded . . ." and no amendment is to be effective "until it is *duly* recorded") is clearly mandatory. *See In re Trulove*, 54 N.C. App. 218, 222, 282 S.E.2d 544, 547 (1981), *disc. review denied*, 304 N.C. 727, 288 S.E.2d 808 (1982). According to the American Heritage Dictionary, 2d College Edition 429 (1991), the word *duly* means "[i]n a proper manner" and "[a]t the expected time," and, hence, we conclude that "duly recorded" means properly and timely recorded. In this case, the association's failure to record the amendment within ten days rendered the by-law ineffective and not binding on defendants. Consequently, we reverse the judgment of the trial court and remand for entry of judgment in favor of the defendants.

Reversed.

Judge COZORT concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent. I do not believe failing to file the amendment which is the subject of this appeal within the ten day period should render the amendment void. I believe the effect of failing to file the amendment within the ten day period is to replace the effective date of the amendment so that it becomes the date of filing which is outside the ten day period.

This amendment was adopted on 9 September 1991 at a properly called meeting of the Board of Directors of plaintiff association. The amendment states in pertinent part: "[N]o additional pets may be brought to or kept on the premises by any resident or member after September 9, 1991." By the plain language of the amendment, the Board of Directors intended to adopt an amendment which was to have an effective date of 9 September 1991, yet would not necessarily be filed that same day. The ten day provision in the bylaws, however, gives the Board a definite period of time during which the amendment to the bylaws may be transcribed, certified by the Secretary of the Association, and recorded in the Cabarrus County Public Registry, retaining the earlier effective date. Once outside this ten day window, however, the provision is effective only after being transcribed, certified by the Secretary and recorded.

I would affirm the decision of the trial court.