UNITED STATES of America, Plaintiff,

v.

WRW CORPORATION, Noah Woolum, Roger Richardson, and William Woolum, Defendants.

Civ. A. No. 88–126.

United States District Court, E.D. Kentucky, London.

Dec. 28, 1989.

U.S. Atty. Louis DeFalaise, Lexington, Ky., and Asst. U.S. Atty. Lawrence Ray Carmichael, for plaintiff.

Stephen M. Miller and Michael T. Gmoser, for defendants.

## MEMORANDUM

SILER, Chief Judge.

This action is before the Court on the defendants' motion to dismiss, and on Roger Richardson's motion to consolidate this action with *In re Roger Dale Richardson v. United States of America,* Bankruptcy Court Number 388–038114, Adversary Proceeding Number 389–0117 filed in the Bankruptcy Court of the Middle District of Tennessee.

In 1985, civil penalties totaling $90,350.00 were assessed against WRW Corporation. Subsequently, the three individual defendants were convicted on eight counts of conspiracy to violate and cause others to violate mandatory health and safety standards for coal mines, and aiding and abetting the same. The defendants were sentenced to serve a period of incarceration or a period of half-way house residency, and fined $25,000.00 each, pursuant to 30 U.S.C. § 820(d). In 1988, this civil action was commenced to collect the civil penalties assessed by the Mine Safety and Health Administration in 1985. It is the intent of the United States to pierce WRW's corporate veil, effectively holding the individual defendants responsible for the payment of the civil penalties.

The defendants argue that *United States v. Halper,* —— U.S. ——, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), prohibits the United States, based upon the Double Jeopardy Clause of the Fifth Amendment, from

now going forward with the instant civil action, as it is based on the same facts, acts, and transactions as the prior criminal convictions. In *Halper*, the Supreme Court held:

> under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

*Id.* at ——, 109 S.Ct. at 1902. The defendants contend that this action to enforce the previously assessed civil penalties is punitive in nature and not remedial.

The United States argues that *Halper* does not apply as this civil proceeding was brought, not as a deterrent, but simply to collect a debt owed to the United States by WRW. The United States asserts that the goal of issuing civil citations and orders is to correct unsafe mining conditions or practices. Thus, the Double Jeopardy Clause is not implicated, as the issuance of civil penalties serves a remedial, corrective goal, and not one of punishment in a criminal sense.

As in *Halper*, this Court must decide whether the Mine Safety and Health Act (Act) civil penalty provisions, in application, are so extreme and divorced from the United States' damages and expenses that they are punitive rather than remedial. *Id.* at ——, 109 S.Ct. at 1898. As explained in *Halper*

> the Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis.

*Id.* at ——, 109 S.Ct. at 1900. Thus, as the individual defendants have had a separate criminal penalty imposed upon them, this civil action based on the same conduct must be rationally related to the goal of making the United States whole. *Id.* at ——, 109 S.Ct. at 1903.

The congressional purpose of the Act is to protect the health and safety of miners and to achieve compliance with the mandatory safety and health standards articulated in the Act. 30 U.S.C. § 801. The criteria used for assessing civil penalties enumerated in 30 U.S.C. § 820(i) include the size of the operator, previous violation history, seriousness of violations, negligence of the operator, good faith correction of the violative conditions, and the ability of the operator to continue in the mining business.

■ The Supreme Court in *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984), articulated the general test for determining whether a provision is civil and remedial or criminal and punitive in form:

> First, we have set out to determine whether Congress, in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other. Second, where Congress has indicated an intention to establish a civil penalty, we have inquired further whether the statutory scheme was so punitive either in purpose or effect as to negate that intention. (Citations omitted.)

*Id.* at 362–63, 104 S.Ct. at 1104–05, *quoting United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). The assessment of civil penalties under 30 U.S.C. § 820(a) is broader in scope than the criminal provision of 30 U.S.C. § 820(d), which applies to willful violations of the mandatory safety and health standards. Additionally, only the clearest proof that the purpose and effect of a civil provision are punitive will suffice to override Congress' manifest preference for a civil sanction. *89 Firearms, supra*, at 365, 104 S.Ct. at 1106. Accordingly, the 30 U.S.C. § 820(a) assessment is a remedial civil sanction rather than a criminal punishment. *See Paluso v. Mathews*, 573 F.2d 4 (10th Cir.1978) (Federal Coal Mine Health and Safety Act of 1969 is remedial in nature); *United States v. Finley*, 345 F.Supp. 62, 63–64 (E.D.Ky.1972), *aff'd and remanded on other grounds*, 493 F.2d 285 (6th Cir.), *cert. denied*, 419 U.S. 1089, 95 S.Ct. 679, 42

L.Ed.2d 681 (1974) (similar double jeopardy argument rejected).

Under *Halper,* the civil assessment must be rationally related to the goal of making the United States whole. *Halper, supra,* at ——, 109 S.Ct. at 1903. While it is difficult, if not impossible to ascertain the United States' actual loss due to the defendants' mine safety and health violations, its losses include the ancillary costs of detection, investigation, and prosecution, that routinely occur as a result of the United States' enforcement of the Act. *See Halper, supra,* at ——, 109 S.Ct. at 1900. The penalty assessment in this action is not so extreme and divorced from the United States' expenses incurred in the investigation and prosecution of the defendants' violations to constitute punishment, rather than the remedial goal of ensuring safe mining conditions and practices. Thus, the civil penalty assessment does not violate the *Halper* rule for the rare case, "where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused." *Id.* at ——, 109 S.Ct. at 1902.

Accordingly, the defendants' motion to dismiss will be denied. The motion of the defendant, Roger Richardson, to consolidate this action will be granted as the United States does not object.