IN THE MATTER OF: WILLIAM E. BRUCE, PETITIONER

No. 8910SC580

(Filed 16 January 1990)

1. **Professions and Occupations § 1 (NCI3d) — defective designs approved by engineer — gross negligence — professional incompetence — sufficiency of evidence**

     Evidence was sufficient to support findings of fact by the North Carolina Board of Registration for Professional Engineers and Land Surveyors as to deficient designs approved by petitioner, and such evidence was sufficient to support the

**IN RE BRUCE**

[97 N.C. App. 138 (1990)]

conclusions of law that petitioner was grossly negligent and demonstrated professional incompetence.

**Am Jur 2d, Occupations, Trades, and Professions §§ 9, 75.**

2. **Professions and Occupations § 1 (NCI3d)— suspension of engineer's license—imposition of fine—only one punishment allowed**

The North Carolina Board of Registration for Professional Engineers and Land Surveyors was authorized to suspend petitioner engineer's license to practice or to fine him but not to do both upon a finding that he was grossly negligent and professionally incompetent.

**Am Jur 2d, Occupations, Trades, and Professions §§ 9, 75.**

APPEAL by petitioner from judgment entered 23 January 1989 by *Brewer, Judge,* in WAKE County Superior Court. Heard in the Court of Appeals 13 November 1989.

*John T. Hall and McMillan, Kimzey & Smith, by Duncan A. McMillan, for petitioner appellant.*

*Bailey & Dixon, by Wright T. Dixon, Jr. and Patricia P. Kerner, for respondent appellee N.C. State Board of Registration for Professional Engineers and Land Surveyors.*

PHILLIPS, Judge.

The North Carolina State Board of Registration for Professional Engineers and Land Surveyors, under the provisions of Chapter 89C of the N.C. General Statutes, has licensing and disciplinary authority over professional engineers and land surveyors. Following notice and a hearing, the Board fined petitioner Bruce, a professional engineer, $500 and suspended his license to practice in this state for two years upon findings and conclusions that in approving two school building designs that were structurally deficient in several respects he demonstrated professional incompetence and was grossly negligent. The Board's decision was affirmed in all respects by the Superior Court of Wake County. That petitioner was the engineer responsible for the structural integrity of the two building designs, one for a building constructed in Caldwell County, the other in Mecklenburg County, is not disputed. His contentions, in gist, are only that: (1) The Board's findings of fact

as to the deficient designs are inadequate and unsupported by competent evidence and do not support the conclusions of law that he was grossly negligent and demonstrated professional incompetence; (2) the hearing was unfair because one of the Board's members was biased against him; and (3) the Board had no authority to both fine and suspend his license to practice.

[1] The first two of these contentions, manifestly without merit, can be summarily disposed of. Though some of the Board's findings of fact are mixed findings of fact and conclusions of law, they adequately specify the structural deficiencies that petitioner approved and they are supported by the competent testimony of three qualified professional engineers. The findings included that: The design for one building failed to provide for an adequate piling foundation; the design for the other was deficient in regard to (a) the structural beams, (b) the steel roof joists, (c) certain steel columns, (d) the thickness of the masonry bearing walls in view of their height, (e) the footings for certain columns and sections of the building, and (f) the roof system was not properly anchored to the building. These facts clearly indicate that the designs petitioner approved did not provide for the structural integrity of the buildings involved in several fundamental respects and thus support the Board's conclusion that in approving the designs petitioner exhibited professional incompetence and was grossly negligent. And as to the contention that the Board was not impartial because one of the nine members who heard the case was an engineer who testified against him in litigation involving another job, it is enough to note that appellate courts review only questions that were raised in the trial court, *In re Will of King*, 80 N.C. App. 471, 342 S.E.2d 394, *disc. rev. denied*, 317 N.C. 704, 347 S.E.2d 43 (1986), and petitioner did not raise this question before the Board. We add, however, that in our search of the record we found nothing to indicate that the Board member now complained of was biased against petitioner or that he influenced the decision of the other eight members.

[2] But petitioner's contention that the Board exceeded its authority in both suspending his license to practice and fining him is well taken. For G.S. 89C-21, the Board's only authority for sanctioning professional engineers, provided at the time involved: "The Board may suspend, refuse to renew, or revoke the certificate of registration, require reexamination, *or* levy a fine not in excess of five hundred dollars . . . ." (Emphasis supplied.) The word "or" in

IN RE BRUCE

[97 N.C. App. 138 (1990)]

this punitive statute is not a synonym for "and," as the Board argues; the statute meant, as it plainly stated, that for the offenses listed therein, including gross negligence and professional incompetence, the Board was authorized to "suspend," etc. petitioner's certificate of registration *or* to fine him up to $500, but was not authorized to do both. Thus, the sanctions part of the Board's decision is vacated, and upon remand the Board may either fine or suspend petitioner as the statute authorized, but may not do both.

Affirmed in part; vacated in part; and remanded.

Judge GREENE concurs.

Judge BECTON concurs in the result.