In The Matter Of: WILLIAM E. BRUCE, Petitioner

No. 9010SC742

(Filed 21 May 1991)

**Professions and Occupations § 1 (NCI3d) — professional engineer — fine and suspension — fine dropped — suspension enforced — double jeopardy inapplicable**

Where the Court of Appeals held that the N. C. Board of Registration for Professional Engineers and Land Surveyors could suspend petitioner's license for two years or fine him $500, but not both, the Double Jeopardy Clause was not applicable, so the Board could, on remand, refund the $500, as it constituted a remedial remedy and not a punitive sanction, and enter a two-year suspension of petitioner's license.

**Am Jur 2d, Criminal Law § 251.**

APPEAL by petitioner from order entered 19 April 1990 in WAKE County Superior Court by *Judge F. Gordon Battle*. Heard in the Court of Appeals 12 March 1991.

*McMillan, Kimzey & Smith, by Duncan A. McMillan, for petitioner-appellant.*

*Bailey & Dixon, by Wright T. Dixon, Jr. and Renee C. Riggsbee, for respondent-appellee.*

GREENE, Judge.

William E. Bruce appeals from an amended decision of the North Carolina Board of Registration For Professional Engineers and Land Surveyors (Board), suspending Bruce's license for two years.

The underlying facts of this case are set out in the first appeal of this case reported in *In re Bruce*, 97 N.C. App. 138, 387 S.E.2d 82 (1990). Summarized, in May, 1988, the Board concluded after a hearing that Bruce had demonstrated professional incompetence and gross negligence by approving two school building designs which were structurally deficient. The Board originally fined Bruce $500 and suspended his license to practice in this state for two years. Bruce petitioned for judicial review and the Board's decision and order were affirmed in Wake County Superior Court by a judgment filed 24 January 1989. In Bruce's first appeal to this

Court, we held that, under N.C.G.S. § 89C-21 as it existed at the time, the Board could suspend Bruce's license or fine him, but could not do both. *Id.* at 140-41; 387 S.E.2d at 83. On remand to the Board, by an amended decision and order dated 15 February 1990, the Board only suspended Bruce's license for two years.

Bruce has included in the record on appeal in this case a copy of a check issued by Bruce's attorney, payable to the Board, in the amount of $500 in payment of Bruce's fine. This check is dated 2 September 1988. The record also contains a check issued by the Board, payable to the law firm representing Bruce, in the amount of $500. This check is dated 22 February 1990. A letter written by the Board to Bruce states that the Board was refunding the fine paid by Bruce's attorney, and that the Board was retaining the two year suspension of Bruce's license.

---

The only issue presented is whether the Board can refund the $500 fine and suspend Bruce's license for two years.

Bruce contends that the fine and suspension by the administrative board was penal in nature, *In re Truelove*, 54 N.C. App. 218, 282 S.E.2d 544 (1981), *disc. rev. denied*, 304 N.C. 727, 288 S.E.2d 208 (1982), and therefore any modification in the order must be consistent with the Double Jeopardy Clause of the fifth amendment of the United States Constitution. He argues that the Board's action in refunding the money and suspending his license violates the Double Jeopardy Clause. We disagree.

We assume without deciding that the Double Jeopardy Clause of the fifth amendment, if applicable, would prevent the Commission from refunding the $500 fine and suspending Bruce's license. *Cf. State v. Stafford*, 274 N.C. 519, 164 S.E.2d 371 (1968) (when sentence of criminal defendant is vacated, on re-sentencing defendant must be given credit for all time served under the original sentence). However, on the facts of this case, the Double Jeopardy Clause does not apply. While the Double Jeopardy Clause can apply to penalties or sanctions rendered in civil cases, as well as criminal, *United States v. Halper*, 490 U.S. 435, 104 L.Ed.2d 487 (1989), it does so only when the penalty or sanction "may not fairly be characterized as remedial." *Id.* A civil penalty or sanction is punitive in nature and not remedial when the "sanction [is] overwhelmingly disproportionate to the damages . . . [the offender] has caused." *Id.*

While there is no evidence relating to the actual loss by the State and, therefore, no evidence of the precise amount which would constitute a remedial penalty, such evidence is not necessary in this case. *See Halper* at 446, 104 L.Ed.2d at 500 (Government entitled to rough remedial justice in that it may demand compensation according to imprecise formulas, as long as rough justice does not become clear injustice). Here, we find the small amount of the fine to be remedial given the Board's obligation to police the professions of engineering and land surveying, which necessarily requires investigations and the holding of hearings. *See* N.C.G.S. § 89C-22 (1989) (procedure for disciplinary action). *Cf. United States v. WRW Corp.*, 731 F.Supp. 237 (E.D. Ky. 1989) (analyzing case under *Halper* rules and finding no violation of double jeopardy where civil penalties totaling $90,350 were assessed, and stating that Government's losses include the ancillary costs of detection, investigation and prosecution under the Mine Safety and Health Act).

Therefore, the Double Jeopardy Clause is not implicated in this case. Since Bruce asserts no other impropriety regarding the Board's decision, the Commission was within its authority to refund the $500 fine already paid by Bruce and enter a suspension of the license.

Affirmed.

Judges WELLS and WYNN concur.