**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

Nos. 93-4226 & 93-4872

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIUS CASTLE PRUDHOME,

Defendant-Appellant.

---

Appeals from the United States District Court
for the Eastern District of Texas

---

(January 17, 1994)

Before POLITZ, Chief Judge, GARWOOD and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

In these appeals which we have consolidated upon motion of the defendant, Julius Castle Prudhome appeals his conviction for possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), his sentence, and the court's severance of the ammunition count. For the reasons assigned, we affirm the conviction and sentence and dismiss the appeal of the severance order.

Background

A Beaumont, Texas police officer stopped the vehicle that Prudhome was driving because it lacked a front license plate. Prudhome had no driver's license or other form of identification. He claimed to be James Pitre but one of his passengers told the officer that he was James Henderson. Unable to determine Prudhome's real identity, the officer placed him under arrest for failure to possess a driver's license and proof of financial responsibility. A search of Prudhome's person revealed a waist pouch containing three live .25 caliber bullets, two objects that the officer believed to be rock cocaine, and a razor blade. The officer then asked the front-seat passenger, Patricia Corbin, to exit the car. She complied but kept her hand in the pocket of her dress. Fearing a weapon, the officer told Corbin to take her hand out of her pocket. When she did more objects resembling rock cocaine fell to the ground. The officer searched the passenger compartment of the car and found a .25 caliber automatic pistol underneath the driver's seat.

The cocaine-like objects did not contain cocaine but Prudhome was found to have prior felony convictions. He was indicted for possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). A jury found him guilty of both counts and the trial court, determining that his prior convictions included three violent felonies or serious drug offenses, sentenced him to 288 months imprisonment under the enhancement provisions of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. Mindful of double jeopardy

2

limitations,[1] the district court entered sentence on the firearm count only.  Prudhome timely appealed and the court granted the government's motion to sever the ammunition count.  Prudhome appealed that ruling.  The two appeals are consolidated for resolution.

## Analysis

Prudhome first claims error in the denial of his third motion for a continuance which he contends he needed to secure Corbin's attendance at trial.  He made no showing, however, of the testimony that Corbin was expected to give or of her availability and willingness to testify.  The district court did not abuse its discretion in denying that continuance.[2]

Next Prudhome maintains that his motion to suppress the evidence seized upon his arrest should have been granted.  We disagree.  The initial stop for failure to display a front license plate was proper under Texas law.[3]  Even if Prudhome presented the front plate to the officer, as he asserts, he violated the law by not possessing a valid driver's license while operating a motor vehicle[4] and was subject to arrest.[5]  The contemporaneous search of

---

[1]See **United States v. Berry**, 977 F.2d 915 (5th Cir. 1992).

[2]See **United States v. Shaw**, 920 F.2d 1225 (5th Cir.), cert. denied. 111 S.Ct. 2038 (1991).

[3]Tex.Civ.Stat. article 6675a-3e, section 5(a).

[4]Tex.Civ.Stat. article 6687b, section 13.

[5]**Snyder v. State**, 629 S.W.2d 930 (Tex.Cr.App. 1982).

3

his person and the passenger compartment of the vehicle from which he emerged was a valid incident of the arrest.[6]

Prudhome challenges the sufficiency of the evidence that he possessed the firearm. Disclaiming knowledge of the gun's presence, he contends that the car belonged to Corbin who had asked him to drive only minutes before the stop. A reasonable jury was entitled to discredit defense testimony and infer knowing possession from the facts that Prudhome was driving, the gun was located directly under his seat, and he had three rounds of matching ammunition in his waist pouch.[7] We conclude that the record contains relevant evidence sufficient to support the verdict.

Concomitantly Prudhome objects to the district court's refusal to give his proffered instruction that mere presence is insufficient to support a conviction. The court *a quo`* instructed the jury as follows:

> "Possession," as that term is used in this case, may be of two kinds: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.
>
> A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

---

[6] **New York v. Belton**, 453 U.S. 454 (1981).

[7] See **United States v. Perez**, 897 F.2d 751 (5th Cir.) (constructive possession may be inferred from dominion over the vehicle in which the contraband item is located), cert. denied, 498 U.S. 865 (1990); cf. **United States v. Mora**, 994 F.2d 1129 (5th Cir.), cert. denied, 114 S.Ct. 417 (1993).

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession, as that term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

We previously have held that an instruction requiring a finding of intent to exercise dominion or control over the contraband, as here, obviates the need for a separate mere presence instruction.[8] Prudhome's argument is foreclosed by circuit precedent.

Prudhome next challenges his 288-month sentence, contending that the district court should have granted his request for a downward departure. We review the district court's refusal to depart from the Sentencing Guidelines only for an error of law. We find none herein; nor do we find a constitutional defect, as urged by Prudhome, in the application of the guidelines.

The severity of Prudhome's sentence was directly related to the gravity of his criminal history. The court's finding that Prudhome had three prior convictions of violent felonies or serious drug offenses subjected him to a 15-year mandatory minimum sentence under 18 U.S.C. § 924(e) and placed him at offense level 33 under U.S.S.G. § 4B1.4. His priors, which included convictions for felony theft, rape, aggravated robbery, and distribution of a controlled substance, resulted in a criminal history score of 26,

_____

[8]**United States v. McKnight**, 953 F.2d 898 (5th Cir.), cert. denied, 112 S.Ct. 2975 (1992).

well above the 13 points needed to put him in Criminal History VI, the highest guidelines category. The indicated sentencing range was 235 to 293 months. In selecting a 288-month sentence the district judge observed: "I think you have forfeited your right to live in a free society. You will not conform to the rules. You do not think the rules comport with you."

Sentence enhancement for recidivism is an effort by the legislative branch to deal with those who, by repeated criminal acts, demonstrate an unwillingness or inability to conform to the norms of society.[9] So considered, sentence enhancement passes due process and equal protection scrutiny.[10] Prudhome nonetheless claims that his sentence was disproportionately severe. He misperceives the law. His sentence is within the guideline range, a persuasive indication that it is not grossly disproportionate considering the offense and the offender.[11]

Prudhome's final challenge concerns the severance of the ammunition count. He insists that the count should have been dismissed under our decision in **United States v. Berry**.[12] In **Berry**, we held that the double jeopardy clause bars conviction of and sentencing for the simultaneous possession of a firearm and ammunition as two distinct violations of 18 U.S.C. § 922(g)(1).

---

[9]**Rummel v. Estelle**, 445 U.S. 263 (1980).

[10]**United States v. Hayden**, 898 F.2d 966 (5th Cir. 1990).

[11]See **United States v. Sullivan**, 895 F.2d 1030 (5th Cir.), cert. denied, 498 U.S. 877 (1990).

[12]See supra, note 1.

The government agrees that it must dismiss the ammunition count but only when and if the conviction and sentence on the firearm count are affirmed.  Consequently, it moved the district court to sever the ammunition count so that it might be held in abeyance pending the appeal of the firearm count.  As noted, the district court granted the motion after Prudhome appealed his conviction and sentence on the firearm count.[13]

We agree with the government that the count which the government elects to dismiss may be held in abeyance pending exhaustion of direct review of the count on which the court sentenced.

The conviction for unlawful possession of a firearm and the attendant sentence are AFFIRMED.  The appeal of the severance order is DISMISSED as moot.

---

[13]We address *sua sponte* jurisdictional considerations.  The district court retained jurisdiction to enter the severance order because the ammunition count was not involved in the pending appeal of the firearm count.  Cf. **United States v. Green**, 882 F.2d 999 (5th Cir. 1989) (district court loses jurisdiction over matters involved in the appeal).  We have jurisdiction to hear Prudhome's appeal of the severance order, even though it is interlocutory, because the order implicates his rights under the double jeopardy clause.  **United States v. Woods**, 949 F.2d 175 (5th Cir. 1991), cert. denied, 112 S.Ct. 1562 (1992).