IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10239
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE DERWOOD KENEMORE, JR., a/k/a
Lawrence D. Kenemore, Jr., a/k/a Larry Kenemore,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-099-D
- - - - - - - - - -
September 27, 1996
Before GARWOOD, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawrence Kenemore appeals from the district court's denial
of his motion, made at rearraignment as a plea of double
jeopardy, to dismiss the indictment against him on the ground
that it violated the Double Jeopardy Clause.  We have
jurisdiction over the interlocutory appeal pursuant to *Abney v.
United States*, 431 U.S. 651, 662 (1977).

_____

[*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

The independent fiduciary appointed in Kenemore's civil case exercised what amounted to a receivership over the assets of the ATG Association of Trust and Guarantee (ATG), including the funds seized from Kenemore's bank and brokerage accounts.  The independent fiduciary's actions did not constitute punishment for double jeopardy purposes.  *United States v. Woods*, 949 F.2d 175, 177 (5th Cir. 1991), *cert. denied*, 503 U.S. 961 (1992).

Kenemore's allegation that the default judgment in the civil action included a fine and restitution is without a factual basis; the district court deferred imposition of a money judgment until after the completion of the criminal prosecution. Kenemore's contention that the district court in the civil action was attempting to circumvent double jeopardy by declining to impose civil sanctions is not ripe for review.  *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 115 S. Ct. 189 (1994).  Kenemore's appeal is frivolous; his notice of appeal did not deprive the district court of jurisdiction to proceed to trial.  *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir.)(en banc), *cert. denied*, 447 U.S. 926 (1980).

The motions of Kenemore and the Government to supplement their record excerpts and the Government's motion for an extension of the briefing schedule and withdrawal of its original record excerpts are DENIED.

Finally, Kenemore has been warned that frivolous appeals may result in sanctions against him.  Accordingly, Kenemore is barred

from filing any *pro se* appeals in this court without the advance written permission of a judge of this court; the clerk of this court is directed to return to Kenemore, unfiled, any attempted submission inconsistent with this bar.  To avoid further sanctions, which could include monetary sanctions, Kenemore is admonished to review any pending appeals and to withdraw any appeals that are frivolous.

APPEAL DISMISSED.  MOTIONS DENIED.  SANCTIONS IMPOSED.  *See* 5TH CIR. R. 42.2.