STATE v. WILSON

[127 N.C. App. 129 (1997)]

STATE OF NORTH CAROLINA v. JOE LOUIS WILSON, Defendant

No. COA96-564

(Filed 5 August 1997)

**Constitutional Law § 172 (NCI4th)— selling alcoholic beverage to underage person—civil penalty—criminal conviction—not double jeopardy**

The trial court erred in dismissing criminal charges against defendant for selling an alcoholic beverage to a person under the statutory age in violation of N.C.G.S. § 18B-302(a) where defendant's $400.00 civil penalty resulting from an administrative proceeding against defendant before the ABC Commission and arising from the same offense did not constitute punishment for the purpose of the Double Jeopardy Clause.

Appeal by State from order entered 19 February 1996 by Judge J.B. Allen, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 18 February 1997.

*Attorney General Michael F. Easley, by Special Deputy Attorneys General Robin P. Pendergraft and Isaac T. Avery, III, for the State.*

*Hunt and White, by George Hunt and Andrew Hanford, for defendant-appellee.*

JOHN, Judge.

The State appeals the trial court's dismissal of the charge against defendant of selling an alcoholic beverage to a person under the statutory age in violation of N.C.G.S. § 18B-302(a) (1995). The State argues the court erred in its determination defendant would be exposed to double jeopardy if tried for the offense by virtue of having previously been punished for the same conduct in an administrative proceeding. We conclude the trial court was in error and reverse.

Pertinent facts and procedural history are as follows: Defendant, trading as Joe's Shopwell Mini Mart in Burlington, was holder of off-premise Malt Beverage, Fortified Wine and Unfortified Wine permits issued by the North Carolina Alcoholic Beverage Control (ABC) Commission (the Commission). On 20 May 1995, defendant was charged by an Alcohol Law Enforcement agent with selling a malt

STATE v. WILSON

[127 N.C. App. 129 (1997)]

beverage to a person under the age of twenty-one in violation of G.S. § 18B-302(a)(1). Following defendant's arrest, he was notified by the Commission that a complaint had been filed against him as a permittee alleging defendant or his agent had violated state ABC laws.

In response to the complaint, defendant tendered an offer of compromise dated 7 August 1995 wherein he stipulated and agreed that on 20 May 1995 an employee of the permittee had sold a malt beverage on the licensed premises to a person less than 21 years of age. In turn, the Commission issued a Final Agency Decision/Order of Compromise on 8 September 1995 setting out defendant's stipulation, suspending his permits for a period of fifteen days, and providing that, upon payment of $400.00, "said 15 day suspension will be suspended for a period of one year on the condition that [defendant and his employees] not further violate the [ABC] laws." Defendant paid $400 to the Commission pursuant to this order.

Defendant's criminal matter came on to be heard 4 October 1995 in Alamance County District Court. Upon defendant's motion, the charge against him was dismissed on grounds of double jeopardy. On appeal by the State, the Superior Court likewise concluded in pertinent part:

(3) That the defendant's payment of a $400.00 administrative penalty to the Alcoholic Beverage Control Commission prior to the trial of this action is punishment for double jeopardy purposes;

(4) That the prosecution of the Defendant for a violation of the criminal law would constitute double jeopardy and this criminal prosecution must be dismissed.

The State gave timely notice of appeal to this Court.

Defendant contended in the trial court that the Double Jeopardy Clause of the United States Constitution and the Law of the Land Clause of our North Carolina Constitution prohibited his conviction for selling alcohol to a minor because he previously had been punished for the same offense in an administrative proceeding. The Double Jeopardy Clause, contained in the Fifth Amendment to the federal constitution,

protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same

offense after conviction. And it protects against multiple punishments for the same offense.

*North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65 (1969), *companion case overruled on other grounds*, 490 U.S. 794, 104 L. Ed. 2d 865 (1989) (footnotes omitted). The Law of the Land Clause of our North Carolina Constitution, Art. I, § 19, incorporates similar protections. *State v. Oliver*, 343 N.C. 202, 205, 470 S.E.2d 16, 18 (1996).

In *United States v. Halper*, 490 U.S. 435, 104 L. Ed. 2d 487 (1989), the United States Supreme Court held that civil penalties under certain circumstances may constitute punishment for purposes of double jeopardy analysis.

[I]n determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated.

*Id.* at 447 n.7, 104 L. Ed. 2d at 501 n.7. The Court observed that "a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment," *id.* at 448, 104 L. Ed. 2d at 501, and went on to hold that

a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution,

*id.* at 448-49, 104 L. Ed. 2d at 502.

*Halper* made clear that double jeopardy analysis concerning a particular civil fine consists of balancing the amount of the penalty with the loss the government has suffered due to the unlawful actions of the person fined; if an offender's sanction is "overwhelmingly disproportionate to the damages he has caused," the penalty constitutes punishment for purposes of the Double Jeopardy Clause. *Id.* at 449, 104 L. Ed. 2d at 502.

"We acknowledge that this inquiry will not be an exact pursuit," the Court wrote, as "the precise amount of the Government's damages and costs may prove to be difficult, if not impossible, to ascertain." *Id.* In recognition of this fact, the Court also observed:

[T]he Government is entitled to rough remedial justice, that is, it may demand compensation according to somewhat imprecise formulas, such as reasonable liquidated damages or a fixed sum plus double damages, without being deemed to have imposed a second punishment for the purpose of double jeopardy analysis.

*Id.* at 446, 104 L. Ed. 2d at 500.

Further, should a particular civil penalty "bear[] no rational relation to the goal of compensating the Government for its loss," then "the defendant is entitled to an accounting of the Government's damages and costs" to enable the trial court "to determine if the penalty sought in fact constitutes a second punishment." *Id.* at 449-50, 104 L. Ed. 2d at 502. Ultimately,

the trial court [is left] the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment.

*Id.* at 450, 104 L. Ed. 2d at 502-3.

Turning to the case *sub judice*, we note the North Carolina Supreme Court has twice previously ruled that proceedings conducted by the Commission (or, more precisely, its predecessor, the State Board of Alcoholic Control) against violators of the ABC laws are civil in nature. *See Freeman v. Board of Alcoholic Control*, 264 N.C. 320, 323-24, 141 S.E.2d 499, 502 (1965); *Boyd v. Allen*, 246 N.C. 150, 154, 97 S.E.2d 864, 867 (1957).

In addition, concerning whether the fine at issue bore a "rational relation to the goal of compensating the Government for its loss," *Halper*, 490 U.S. at 449, 104 L. Ed. 2d at 502, the State in its brief asserts the following:

Although the record contains no findings regard[ing] the number of hours spent on this case by ALE agents, the ABC attorney, their support staffs, and the ABC Commission members themselves, we venture to say that $400.00 barely covers the cost of investigating this violation, filing the necessary reports and documents, negotiating a settlement and formally presenting this matter for final decision before the ABC Commission.

We must agree.

STATE v. WILSON

[127 N.C. App. 129 (1997)]

Without doubt, the better practice would have been for the trial court to enter in the record its own conclusion on the issue of whether the $400.00 fine paid by defendant bore a "rational relation," *Halper*, 490 U.S. at 449, 104 L. Ed. 2d at 502, to the goal of compensating the Commission and the State. However, bearing in mind the Supreme Court's recognition that "rough justice" is involved in such a determination, *id.* at 446, 104 L. Ed. 2d at 500, it cannot fairly be said that a $400 penalty for violation of the ABC laws did not "remotely approximate," *id.*, the governmental costs of investigating and bringing an action against defendant. *See In re Bruce*, 103 N.C. App. 81, 83, 404 S.E.2d 480, 481-82 (1991) (even absent evidence of state's actual loss, Court concluded Board of Registration For Professional Engineers and Land Surveyors' fine of $500 against petitioner was related to Board's regulation of the subject professions, and thus remedial); *see also Ex Parte State Alcoholic Bev. Control Bd.*, 654 So.2d 1149 (Ala. 1994) ($500 fine rationally related to state's cost of regulating ABC licensees); *but see Crump v. Alcoholic Beverage Control Bd.*, 678 So.2d 133 (Ala. Civ. App. 1995), *cert. denied*, 678 So.2d 140 (Ala. 1996) ($1000 fine constituted punishment in view of punitive purpose underlying ABC penalties); *compare Halper*, 490 U.S. at 452, 104 L. Ed. 2d at 504 (Supreme Court agreed with trial court that fine of more than $130,000 to compensate government for estimated $16,000 in costs was "sufficiently disproportionate" to constitute punishment). Accordingly, remand to the trial court to enter its determination in the record prior to our decision herein would serve no useful purpose, particularly from the point of view of judicial economy.

In sum, the civil penalty resulting from the administrative proceeding against defendant did not constitute punishment for the purpose of the Double Jeopardy Clause. Defendant thus did not face a second punishment when charged with violation of G.S. § 18B-302(a) after having previously reached a compromise settlement pursuant to G.S. § 18B-104 based upon a complaint arising out of the same conduct. Because the trial court found to the contrary on this single ground, we reverse.

Reversed.

Judges EAGLES and COZORT concur.

Judge COZORT concurred prior to 31 July 1997.