IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10488
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARK JULIAN EDMONDS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-370-1-T
--------------------
March 13, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Mark Julian Edmonds appeals his conviction for being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  He argues that the district court erred in denying his motion to suppress and in denying his motions to dismiss the superseding indictment as the result of vindictive prosecution and as multiplicitous, respectively.

    The district court did not err in denying the motion to suppress because the search of Edmonds' bag was done incident to his arrest and because the bag was in Edmonds' immediate area of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

control at the time of the arrest.  See <u>New York v. Belton</u>, 453 U.S. 454, 460-62 (1981); <u>United States v. Prudhome</u>, 13 F.3d 147, 148-49 (5th Cir. 1994); <u>see</u> <u>also</u> <u>United States v. Tellez</u>, 11 F.3d 530, 532 (5th Cir. 1993).

The district court likewise did not err in denying the motion to dismiss for vindictiveness because Edmonds has not attempted to demonstrate any vindictiveness on the federal prosecutor's part and has not challenged the district court's finding that any vindictiveness on the state prosecutor's part was irrelevant to the instant case.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).  Additionally, even if it is assumed that counts one and two of the superseding indictment were multiplicitous, any error arising out of the district court's denial of Edmonds' motion to dismiss was harmless because he was acquitted of one of the allegedly multiplicitous counts. See <u>United States v. Nguyen</u>, 28 F.3d 477, 482 (5th Cir. 1994).

The district court's judgment is therefore AFFIRMED. Edmonds' motion for leave to file a supplemental <u>pro</u> <u>se</u> brief is DENIED.  <u>See</u> 5th Cir. R. 28.7.

AFFIRMED; MOTION DENIED.