**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 00-50356**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JESSE HERRERA,**

**Defendant-Appellant.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(MO-98-CR-100-2)**

---

**March 30, 2001**

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, and pursuant to comprehensive findings of fact and conclusions of law, Jesse Herrera was convicted, pursuant to 18 U.S.C. § 401, on two counts of contempt of court: for aiding and abetting his associate's unauthorized practice of law (count one); and for wilfully disobeying a court order by continuing to represent a client after being ordered *not* to do so (count two). For the numerous issues raised, the primary

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue is whether the evidence was sufficient to support his convictions. Several of the issues presented are being raised for the first time on appeal and are, therefore, reviewed *only* for plain error. Under this narrow standard of review, there must be an error that is "clear" or "obvious", and that affects "substantial rights"; and, even then, we have discretion to correct such forfeited error only if it affects the fairness, integrity, or public reputation of judicial proceedings. *E.g.*, **United States v. Cyprian**, 197 F.3d 736, 741 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 65 (2000).

On 11 February 1998, Herrera filed a motion on behalf of the Herrera Law Firm (the Firm) to replace Chavez as counsel for Gonzalez in a federal criminal drug case (criminal case). On 24 February, the magistrate judge denied Herrera's motion pending Chavez moving to withdraw. Nevertheless, that same day, Salinas, an associate in the Firm, and who was *not* licensed to practice in federal court, filed an entry of appearance for Gonzalez.

On 2 March, Salinas and Ish Herrera, an investigator for the Firm, asked James Hershberger to assist in the criminal case as local counsel. The next day, Chavez moved to withdraw; but, the magistrate judge denied the entry of appearance by Salinas, and again denied Herrera's previous motion for substitution. The basis for the denial was concern that such representation presented a conflict of interest.

2

Subsequently, Gonzalez sought restitution of attorneys' fees ($10,000 retainer) he had paid the Firm. The district court ordered Hershberger and the Firm to submit affidavits supporting their fees. Salinas' affidavit contained entries representing work allegedly performed for Gonzalez in the criminal case *after* the disqualification of Salinas, Herrera, and the Firm. A hearing was held; Salinas testified: he assisted Hershberger as co-counsel; the affidavit represented work done by Herrera, and was reviewed by Herrera before it was filed; Salinas was *not* licensed in federal court; and he did *not* seek admission *pro haec vice*.

As a result, a five-count criminal information was filed against Herrera, the Firm, and Salinas. As noted, Herrera was charged with two counts of contempt of court. Following the bench trial, he was found guilty on both counts and was sentenced to concurrent terms of three years' probation for each count. As a condition of probation, Herrera was ordered to pay a fine of $15,000.

Herrera contends there was insufficient evidence to support his convictions. As to count one, he asserts there was insufficient evidence that he acted willfully or that he knew that Salinas was *not* licensed in federal court and had *not* filed a motion to practice *pro haec vice*. Regarding count two, he claims the Government failed to prove he wilfully disobeyed the order disqualifying the Firm from representing Gonzalez.

3

This case having been tried to the court, we review the evidence to determine whether the district court's findings are supported by substantial evidence. *United States v. Ybarra*, 70 F.3d 362, 364 (5th Cir. 1995), *cert. denied*, 517 U.S. 1174 (1996). The convictions will be upheld if the evidence is sufficient to justify the conclusion that Herrera was guilty beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the Government, with deference accorded reasonable inferences drawn by the district court. *Id.*

Salinas, who was *not* admitted to practice in federal court, filed a notice of appearance for Gonzalez on the same day the order denying Herrera's motion for substitution was entered. Shortly thereafter, Salinas retained Hershberger to act as local counsel. Also, an order was filed denying Salinas' entry of appearance and Herrera's motion for substitution; and the magistrate judge testified it is standard practice for the clerk's office to notify affected parties of its orders. Further, as discussed *infra*, Salinas testified that some of the entries listed in his affidavit, which was reviewed by Herrera, represented work performed by Herrera. Hershberger's affidavit indicated that Herrera was still involved in the case as late as May 1998, long after the 2 March order denying his appearance.

Based on this evidence, it was reasonable for the district court to conclude: as both the Firm's name partner and Salinas'

4

supervising attorney, Herrera was aware of Salinas' activities; and, by continuing to represent Gonzalez after being ordered *not* to do so, Herrera acted wilfully.  In short, sufficient evidence supported Herrera's convictions.

Concerning the evidence, and Salinas' testimony at the fee hearing, a transcript of the hearing was admitted *without objection* at the bench trial.  At that fee hearing, when asked whether Herrera examined the fee affidavit before it was filed, Salinas answered: "Yes, he did.  To my knowledge, yes, he did".  Herrera challenges the admission at trial of Salinas' statement regarding Herrera's review of the fee affidavit; but, because Herrera *failed* to so object at trial, we review *only* for plain error.  FED. R. EVID. 103; FED. R. CRIM. P. 52; *e.g., United States v. Cantu*, 167 F.3d 198, 204 (5th Cir.), *cert. denied*, 528 U.S. 818 (1999).  In a bench trial, any error the district judge makes in admitting evidence is harmless if there is other admissible evidence sufficient to support the conviction.  *E.g., United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir. 1993), *cert. denied*, 511 U.S. 1134 (1994).  Even without the challenged statement, there was ample evidence to support Herrera's convictions.  Accordingly, even assuming error, it was harmless.  Therefore, Herrera's substantial rights were *not* affected.  There was *no* plain error.

Next, Herrera asserts the district court erred by relying upon extra-record evidence to deny his post-trial motion for judgment of

5

acquittal, or in the alternative, a new trial. The alleged extra-record facts were judicially noticed by the district court. In any event, even without these facts, there was ample evidence to support Herrera's convictions.

Herrera contends his sentence to a fine *and* probation is illegal, claiming § 401 permits a fine or imprisonment, but *not* both. Because this issue is raised for the first time on appeal, we again review *only* for plain error. FED. R. CRIM. P. 52; *E.g.*, **United States v. Guerrero**, 169 F.3d 933, 946 (5th Cir. 1999).

Pursuant to § 401, a district court can "punish by fine *or* imprisonment, *at its discretion* , ... contempt of its authority". (Emphasis added.) *See, e.g.* **Campbell v. Keystone Aerial Surveys, Inc.**, 138 F.3d 996, 1005 n.11 (5th Cir. 1998). Our court has *not* addressed whether a fine can be imposed *as a condition of probation* in a § 401 case. In the light of 18 U.S.C. § 3563(b), any error was *not* "clear" or "obvious". *See* 18 U.S.C. § 3563(b) (allowing district court to impose conditions of probation at its discretion). Therefore, there was *no* plain error.

In addition, Herrera asserts that, as owner and sole partner of the Firm, he was the Firm's alter ego. Because the district court imposed a $5,000 fine against the Firm, Herrera contends his sentence of probation and $15,000 fine constitute double punishment in violation of the Double Jeopardy Clause of the Fifth Amendment. Again, because Herrera did *not* raise this issue in district court,

we review *only* for plain error.  Herrera asserts that **United States v. Woods**, 949 F.2d 175, 177 (5th Cir. 1991), *cert. denied*, 503 U.S. 961 (1992), *implies* that punishing a defendant and his alter ego corporation would violate double jeopardy.  Because Herrera is unable to establish an error, much less a *plain* error, this claim also fails.

Herrera contends count one of the information failed to state an offense and was, thus, jurisdictionally defective.  To be sufficient, an information must allege each material element of the offense.  **United States v. Cabrera-Teran**, 168 F.3d 141, 143 (5th Cir. 1999).  The elements of contempt under 18 U.S.C. § 401(3) are: a reasonably specific order; violation of the order; and the willful intent to do so.  **Cooper v. Texaco, Inc.**, 961 F.2d 71, 72 n.3 (5th Cir. 1992).

The district court found that Herrera violated its local rules by aiding and abetting Salinas' unauthorized practice of law, and, thus, was guilty as to count one.  Herrera's contention that a local rule is *not* an order is without merit.  A local rule is the equivalent of a standing order of the district court, **Jones v. Central Bank**, 161 F.3d 311, 313 (5th Cir. 1998); and a standing order is an order for § 401(3) purposes.  **Seymour v. United States**, 373 F.2d 629, 631 (5th Cir. 1967).

Herrera also asserts, again for the first time on appeal, that his conviction on count one should be reversed due to the variance

7

between the charge and the evidence presented at trial.  Again, we review *only* for plain error.  A defendant's substantial rights are affected if the defendant is surprised at trial or placed in risk of double jeopardy.  **United States v. Ramirez**, 145 F.3d 345, 351 (5th Cir.), *cert. denied*, 525 U.S. 1046 (1998).

Herrera claims he was surprised at trial because he assumed count one alleged he was *not* licensed by the Western District of Texas.  The record reveals otherwise.  The Government filed an advisory memorandum that recited count one of the information, and identified *Salinas* as the party unauthorized to practice in federal court.  A copy of the memorandum was mailed to Herrera.  Because Herrera received sufficient notice of the offense alleged in count one and failed to establish a double jeopardy violation, his substantial rights were *not* violated.  Again, there was *no* plain error.

**AFFIRMED**