# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

MARK GOMEZ GARZA, JR.,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:16-CR-236-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Mark Garza, Jr., appeals his conviction under 18 U.S.C. § 922(g)(1) for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unlawfully possessing a firearm after having been convicted of a felony. The district court sentenced him to ten years of imprisonment and three years of supervised release.

Garza challenges the sufficiency of the evidence that he constructively possessed a firearm. We review the denial of his motion for judgment of acquittal *de novo*, asking "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Officers encountered Garza and two other men inside a house where officers also found three loaded firearms. The government presented testimony that Garza admitted that he was a prospective member of the Texas Syndicate gang. One of the other men was a lieutenant in the same gang. Garza stated that the men were staying at the house together for protection because one of them had been attacked recently by a rival gang. Garza stated that he stayed in the middle bedroom, where two loaded handguns were found under the bed—one on each side. Thus, there was sufficient evidence that Garza intended to exercise control over one of the loaded firearms found under each side of the bed in his room. *See id.* at 209; *see also Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015).

Garza contends that the district court erred in refusing to instruct the jury that mere presence in an area where a crime is being committed is insufficient to establish guilt. We review for an abuse of discretion. *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). "[A]n instruction requiring a finding of intent to exercise dominion or control over the contraband, as here, obviates the need for a separate mere presence instruction." *United States v.*

No. 17-50133

*Prudhome*, 13 F.3d 147, 150 (5th Cir. 1994). Thus, "the instructions actually given fairly and adequately cover" the issue of constructive possession. *Simkanin*, 420 F.3d at 410.

AFFIRMED.