# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50140
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK GARZA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-296-3

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Mark Garza, Jr., appeals and challenges the sentence imposed upon revocation of his supervised release. Because Garza must comply with identical supervised release conditions imposed in another recently affirmed case, we VACATE and REMAND on the supervised release conditions challenged here without considering if there was any error. Otherwise, we find no error and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50140

Garza violated two of his supervised release conditions, namely, that he not commit another federal crime and not possess a firearm. After a jury trial, Garza was convicted of possessing a firearm in violation of 18 U.S.C. § 922(g)(1), an offense he committed during his period of supervision. The district court sentenced him to 120 months' imprisonment. He appealed from that conviction, and we recently affirmed. *See United States v. Garza*, No. 17-50133, 2017 WL 6398007, at \*1 (5th Cir. Dec. 14, 2017).

The appeal we are reviewing followed the district court's revocation of Garza's supervised release. His prison sentence for the violation was 15 months, which was to run consecutively to the 120-month prison sentence imposed in his firearm possession case. The court also imposed a new three-year term of supervised release subject to various conditions, including requirements that he participate in substance abuse treatment, mental health treatment, and a workforce development program. The court ordered that the supervised release term would run concurrently with a three-year term imposed in the separate firearm case, which also featured these treatment and vocational program conditions.

Garza's first argument here is that the district court failed to provide an adequate explanation for running the revocation sentence consecutively to the sentence for his firearm possession offense. Review is for plain error as Garza failed to object on this basis in the district court. *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Certainly more could have been said, but it is clear from the record that the court thought a sentence within the advisory range was appropriate. *See Rita v. United States*, 551 U.S. 338, 359 (2007). Accordingly, we affirm the revocation prison sentence.

Second, Garza challenges certain terms of his supervised release relating to treatment and vocational programs. Specifically, he argues that the district

court improperly delegated judicial power to the probation officer to determine the manner and duration of these programs. Garza also seeks elimination of those parts of the workforce-development conditions that are in the written judgment but were not explicitly mentioned by the district judge at sentencing.

We need not consider whether there was any error regarding these conditions in the judgment we are reviewing. The challenged conditions also apply to Garza's concurrent three-year term of supervised release imposed in the separate firearm case, recently affirmed. *Garza*, 2017 WL 6398007, at \*1. Because Garza's sentence in the firearm case is valid, we need not review the identical conditions in the separate sentence being challenged on this appeal. *See United States v. Stovall*, 825 F.2d 817, 824 (5th Cir.), *amended by* 833 F.2d 526 (5th Cir. 1987).

Under this rule of judicial economy, called the "concurrent sentence doctrine," our decision not to review a sentence causes us to vacate the challenged supervised release conditions in the revocation judgment requiring participation in substance abuse treatment, mental health treatment, and a workforce development program. *Id.* We remand with instructions to suspend imposition of those conditions in the current revocation case.

SENTENCE AFFIRMED IN PART AND VACATED IN PART; REMANDED WITH INSTRUCTIONS.